JoNES, OMef Judge,
delivered the opinion of the court:
Plaintiff, a purchaser from the Government of surplus textiles, alleges a breach of contract by the defendant.
According to the allegations in the petition, the Philadelphia Quartermaster Depot on June 29, 1954, asked for bids on certain surplus property described in the invitation.
The invitation to bid listed the property as government surplus. It listed other items not relevant here, but each invitation which was sent to plaintiff along with other prospective bidders contained the following:
*203 ALL ITEMS TO BE SOLD £<AS is” “WHERE is” ON GROSS WEIGHT BASIS
The first two items described were as follows:

The invitation for bids and also the contract provided that the bidder agreed to accept any quantity within 25 percent variation of the amount bid at a price calculated on the basis of the bid price.
The plaintiff on July 19, 1954, submitted bids of $0.682 per pound on the entire items offered as Nos. 1 and 2. Plaintiff was awarded a contract at a total price of $29,326 for the two items listed.
When the goods were delivered, however, in early August, the two items were found to contain 53,623 pounds instead of the 44,000 pounds which had been estimated as the quantity contained in the two items.
On August 10,1954, the contract was amended by Change Order No. 1 to include the additional weight, and the total contract price was accordingly increased by the sum of $7,244.89. Soon thereafter plaintiff visited the Quartermaster Depot at Philadelphia and protested the additional charge, asserting that he had calculated his bid on a yardage rather than per-pound basis, and that while the weight was increased the yardage delivered was slightly less than what had been estimated. The claim was rejected and on August 30,1954, plaintiff made payment of the additional $7,244.89. Plaintiff then filed claim for refund in the sum of $10,170 with the General Accounting Office, which claim was rejected by that office.
Plaintiff sues for the sum of $9,945.11, which he alleges represents the difference between the amount he actually paid and the amount he expected' to pay for the yardage delivered. In this connection plaintiff alleges that goods *204 are customarily sold by the yard; that he assumed and had a right to assume that the yardage delivered would be on the same relative basis when translated into pounds as had been estimated in the invitation to bid, and that since the goods weighed more per yard than had been estimated, the combination of circumstances constituted a breach of the contract on the part of the defendant, and that plaintiff is entitled to recover the amount he was required to pay on account of the excess weight. He claims he should have been required to pay for only the number of pounds that would have been reflected in the yardage actually delivered if the cloth had been of the same weight per yard as the Government’s estimate indicated.
When all the provisions of the invitation and the provisions of the contract and the circumstances surrounding the case are considered together, we do not see how it is possible to spell out a breach of the contract or a breach of the warranty provisions of the contract.
Here are the circumstances as disclosed by the pleadings and exhibits which are filed with the papers in the case:
This was surplus property. At the very top of the invitation to bid, in large letters, was the declaration that the property being surplus was to be sold on an “As is,” “Where is”, gross weight basis. The term, surplus property, was repeated. The contract provisions stipulated that bidders were invited and urged to inspect the property to be sold prior to submitting bids; that the property was available for inspection at the places and times specified in the invitation. The contract repeated the statement that all property listed was offered on an “as is” “where is” basis without recourse against the Government. It was stated that the description was based on the best available information, “but the Government makes no guaranty, warranty, or representation, express or implied, as to quantity, kind, character, quality, weight, size or description of the property or its fitness for any use or purpose, and no claim will he considered for allouxmce or adjustment or for rescission based upon failure of the property to correspond with the standard expected/ this is not a sale by sample.” [Emphasis supplied.]
*205 The contract further provided in a separate paragraph as follows:
19. Except as indicated herein all billings and deliveries will be based on gross weights.
The contract further provided that the bidder agreed to accept and pay for any number of units up to and including 25 percent more or less than the estimated quantity stated in the schedule.
When these facts are laid alongside plaintiff’s claim of a breach of contract on the basis of an allegation that defendant agreed to deliver certain quantities of textiles and in effect guaranteed that these goods contained a certain fixed ratio of yardage per pound, the substance of the allegation almost vanishes.
When the war was over the Government naturally was called upon to dispose of vast quantities of surplus goods which it no longer had occasion to use. As shown by the invitation to bid these particular goods had cost the Government $188,015.29. They were bid in and paid for on the basis of $36,570.89. The bidding was open so the sales were fairly made unless the variation in the relative weights and yardage of the goods constitutes in effect a representation on which the plaintiff had a right to reply.
The plaintiff is an experienced merchant; in fact, he alleges that he is engaged in the textile business with his principal place of business in the City of New York. While it is probably true that textiles are usually bought and sold on a yardage basis, both the invitation to bid and the contract explicitly stated that the sales were to be made on a gross weight basis.
Tt would be difficult to conceive of an invitation to bid and a contract that more clearly stated the basis on which the goods were to be sold. When all these provisions are laid together and the circumstances surrounding the entire transaction are considered, and the allegations set out in the pleadings and exhibits are laid alongside, we do not think it is possible to find either a breach of the contract or a breach of warranty. The entire transaction is so clearly delineated in the invitation to bid, the contract of sale, and the circumstances under which the sale was made, so defi *206 nitely revealed in the pleadings and exhibits on file with the papers in the case, that it would be useless to put the parties to the time and expense of a hearing and further briefing.
The defendant’s motion is granted and the plaintiff’s petition is dismissed.
It is so ordered.
Laeamoee, Judge/ Whitaker, Judge; and LittletoN, Judge, concur.