**AMERICAN SANITARY RAG CO.,**
a corporation,

v.

**UNITED STATES.**

No. 161-57.

United States Court of Claims.
May 7, 1958.

Seymour S. Guthman, Washington, D. C., for plaintiff. Mandel L. Anixter and Chapman, Anixter & Delaney, Chicago, Ill., were on the briefs.

Stephen C. Bransdorfer, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

LITTLETON, Judge.

Plaintiff seeks to recover a portion of the contract price paid defendant for surplus sun helmets purchased under an "as is, where is" form of contract on the ground that one third of the sun helmets were not as described in the invitation for bids. Defendant has moved for summary judgment relying on the petition and the contract, composed of the invitation, bid and acceptance, which are attached as an exhibit to defendant's motion.

In response to an invitation for bids issued by the Naval Supply Center, Disposal Division, Department of the Navy, Oakland, California, plaintiff submitted a bid offering to purchase 60,093 sun helmets at a price of $0.516 each or a total price of $31,007.99. Plaintiff's bid was accepted and on August 3, 1954, the parties entered into the contract pursuant to the invitation under which plaintiff was to receive the sun helmets at the price stated above.

Prior to submitting its bid plaintiff inspected only a portion of the helmets although it was urged to inspect all or take them at its risk in the invitation and plaintiff found the ones examined by it to be in satisfactory condition.[1]

---

1. Although no allegation of such an inspection is made in plaintiff's petition, it states in its brief that an inspection was made. For present purposes the petion shall be deemed to be amended to include the allegation.

Upon taking possession of the sun helmets plaintiff found approximately one third of the helmets to be used, mildewed and not usable. As a result plaintiff alleges it has suffered a loss of $8,332.90. Its claim to the General Accounting Office for an adjustment and refund of a portion of the contract price was denied and this suit followed.

Defendant takes the position that plaintiff's petition must be dismissed on the ground that the Government, in disposing of surplus property under an "as is, where is" contract such as this, does not subject itself to liability when the property received by the purchaser fails to meet the purchaser's expectations as to quality. Defendant asserts that under such contracts the Government gives no warranty as to the condition of the property, and that the language of the invitation in this case sufficiently places the bidders on notice of this fact.

The invitation for bids covering the contract in suit listed some 85 items. The items were generally described as "miscellaneous usable material." In the space containing the description of the property there was included the following: "Caution: Inspect the property." This phrase was repeated at the bottom of each page of the description and location of the various items offered for sale.

Paragraph two of the General Sale Terms and Conditions headed "Condition of Property" read in part as follows:

"All property listed herein is offered for sale 'as is' and 'where is,' and without recourse against the Government. * * * The description is based on the best available information, but the Government makes no guaranty, warranty, or representation, expressed or implied, as to quantity, kind, character, quality, weight, size, or description of any of the property, or its fitness for any use or purpose, and no claim will be considered for allowance or adjustment or for rescission of the sale based upon failure of the property to correspond with the standard expected; this is not a sale by sample."

The sun helmets were listed as item 33 and were described as "Apparently unused, in good condition.

Under the above-described terms of the invitation to bid and the contract documents, the risk as to the actual condition of the sun helmets was placed squarely upon the purchaser. Joseph Behr & Sons., Inc., v. United States, 148 F.Supp. 935, 137 Ct.Cl. 688; Furman v. United States, 140 F.Supp. 781, 135 Ct.Cl. 202; Sachs Mercantile Co., Inc. v. United States, 78 Ct.Cl. 801; S. Snyder Corp. v. United States, 68 Ct. Cl. 667; Triad Corp. v. United States, 63 Ct.Cl. 151. Inasmuch as the contract expressly provided that "This is not a sale by sample," plaintiff cannot relieve itself of risk because it made an inspection of a portion of the property. M. Samuel & Sons v. United States, 61 Ct.Cl. 373.

On the basis of the allegations in plaintiff's petition and the contract documents submitted by defendant in support of its motion for summary judgment, it appears that there was no warranty on the part of the Government as to the condition of the property sold to plaintiff and that there was therefore no breach of contract on the part of the Government when a portion of the helmets turned out to be unusable. In its opposition to defendant's motion for summary judgment, plaintiff has not set forth by affidavit or otherwise any facts which would be admissible in evidence tending to show the existence of a dispute as to material facts which should be resolved in a hearing.

Plaintiff argues that there existed a mutual mistake of fact with respect to the condition of the property covered by the contract. This argument is not supported by any documentary evidence or by affidavit and it seems unlikely that such evidence exists in view of the "as is, where is" nature of the contract under which the seller assumes no responsibility for the condition of the articles sold

and the entire risk is placed upon the purchaser. In any case, the actual terms of a contract such as the one in suit preclude a suit for damages on the theory of mutual mistake. American Elastics, Inc. v. United States, 2 Cir., 187 F.2d 109, certiorari denied 342 U.S. 829, 72 S.Ct. 53, 96 L.Ed. 627; United States v. Hathaway, 9 Cir., 242 F.2d 897, 899. In the latter case the Court of Appeals for the Ninth Circuit, while agreeing with the District Court's finding that a mutual mistake as to a material fact did exist, reversed the lower court's decision in favor of the purchaser on the ground that the existence of such a mutual mistake of fact did not support a claim for breach of contract in an "as is, where is" type of contract.

Plaintiff also argues that it should have a trial on the merits in order to show that while the Government by the terms of the contract may have contemplated an "as is, where is" sale of property, the plaintiff in submitting its bid intended only to purchase property in satisfactory condition. Plaintiff has submitted no evidence and has alleged no facts either in its petition or in an affidavit which would support such an argument or would provide any basis for the court's supposing that the contract would be subject to reformation.

■ On the basis of the pleadings and of the documents submitted by defendant in support of its motion for summary judgment, we are of the opinion that there exists no genuine issue as to any material fact and that as a matter of law the plaintiff is not entitled to recover. Defendant's motion for summary judgment is granted and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.

LARAMORE, Judge, took no part in the consideration and decision of this case.