**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert W. AGNEW, Defendant-Appellant.**

**No. 23719.**

United States Court of Appeals,
Ninth Circuit.

March 3, 1970.

Robert W. Agnew (argued), Indio, Cal., for appellant.

Carolyn M. Reynolds (argued), Asst. U.S. Atty., Robert M. Brosio, Jr., Asst. U.S. Atty., Wm. Matthew Byrne, U.S. Atty., Los Angeles, Cal., for appellee.

Before HUFSTEDLER and WRIGHT, Circuit Judges, and PLUMMER, District Judge.*

PER CURIAM:

Defendant appeals from a judgment entered by the United States District Court for the Central District of California. The questions presented are whether the District Court erred in (1) dismissing defendant's counterclaim (incorrectly designated as a cross-complaint); (2) granting plaintiff's motion for summary judgment; and (3) entering judgment in favor of plaintiff.

* Honorable Raymond E. Plummer, United States District Judge, District of Alaska, sitting by designation.

■ The United States cannot be sued without its consent. The filing of a suit in the name of the United States does not amount to a waiver of sovereign immunity subjecting the United States to an affirmative adverse judgment on a counterclaim filed by the defendant. Although a counterclaim may be asserted against a sovereign by way of set off or recoupment to defeat or diminish the sovereign's recovery, no affirmative relief may be given against a sovereign in the absence of consent.

■ In this case, the United States did not consent to the counterclaim and the District Court was correct in granting plaintiff's motion dismissing the defendant's counterclaim and granting to defendant the right to present evidence of set off up to the amount of plaintiff's claim.

■ Defendant in his answer admits that on or about May 10, 1965, he purchased a 1962 Studebaker sedan from General Services Administration (GSA) at an agreed price of $331.00. The only issue remaining after the dismissal of defendant's counterclaim was the amount, if any, defendant was entitled to set off for the alleged breach of warranty in connection with the purchase of a 1956 Chevrolet truck on or about March 23, 1964.

The record in this case conclusively shows that under the printed General Sale Terms and Conditions pertaining to the March 23, 1964 sale, the prospective bidders, including defendant, were invited, urged, and cautioned to inspect the property to be sold prior to submitting a bid. They were also advised that unless otherwise specifically provided, all property listed was offered for sale "as is" and "where is," and that the Government made no warranty, express or implied, as to quantity, kind, character, quality, weight, size, or description of any of the property, or its fitness for any use or purpose.

The findings of fact, conclusions of law and judgment entered by the District Court on September 30, 1968 are fully supported by the evidence and the applicable law. United States v. Hathaway, 242 F.2d 897 (9th Cir. 1957); Stalik v. United States, 247 F.2d 136 (10th Cir. 1957); Standard Magnesium Corp. v. United States, 241 F.2d 677 (10th Cir. 1957); Varkell v. United States, 334 F. 2d 653, 167 Ct.Cl. 522 (1964); and American Sanitary Rag Co. v. United States, 161 F.Supp 414, 142 Ct.Cl. 293 (1958).

Defendant asserts that plaintiff had two remedies, either to take possession, actual or constructive, of the Studebaker, or to sue for the purchase price; and that an election of one remedy precludes the other. While this may be a correct general statement of the law, it has no application to the facts of this case.

In May 1965, the GSA circulated a paper inviting bids on certain vehicles, one of them being the 1962 Studebaker involved in the present action. Defendant entered a bid on the Studebaker in the sum of $331.00, relying on the representation that bids would be opened on May 10, 1965. His bid was the highest and he was announced the purchaser of the Studebaker.

On or about May 14, 1965, defendant delivered to GSA his personal check for $331.00 in payment of the Studebaker. In this manner, he obtained possession of the vehicle. However, on the same date, he notified GSA by letter that the $331.00 check he had given them would not be honored by his bank. His letter further stated that he was deducting $265.00, allegedly due him from GSA in connection with the sale of a 1956 Chevrolet truck in 1964, from the $331.00, and that his check for $66.00 as payment in full on all accounts between him and GSA was enclosed.

The sealed bid sale held on May 10, 1965 was subject to all applicable federal laws and regulations including, but not limited to, sections 481(c) and 484 of Title 40, United States Code, as implemented by C.F.R. Part 101–43, *revised* as of January 1, 1965, and particularly § 101–45.302–1(a) and (b), § 101–45.302–

4, § 101–54.302–6(a) (1), and 101–45.-302–7.

The General Sale Terms and Conditions set forth in Standard Form 114–C were applicable to the sale of May 10, 1965. Pertinent provisions of the General Sale Terms and Conditions provide that the purchaser agrees to pay for the property awarded to him in accordance with the prices quoted in his bid and that unless otherwise specified, title to the items of property sold shall vest in the purchaser as and when full and final payment is made. The fact that defendant obtained possession of the Studebaker without paying the purchase price did not operate to vest title in him.

As a result of the defendant's failure to pay for the car, the GSA sent a letter on or about May 24, 1966 to the Motor Vehicle Department of the State of California requesting that all registration of the Studebaker be deferred under the provisions of section 6051 of the California Vehicle Code.

By letter dated December 4, 1967, plaintiff advised defendant that its investigation revealed that he had sold the vehicle to a Mr. J. Fross. The letter further advised defendant that since he had not paid for the vehicle, title thereto was still in the United States, and therefore his attempted sale could not be consummated.

The purchaser's price still remaining unpaid, the plaintiff, on February 27, 1968, commenced this action to recover the same. A judgment in favor of plaintiff was entered on September 30, 1968. This judgment has not to this date been paid.

There is nothing in the record to suggest that the plaintiff at any time since May 14, 1965 asserted a claim to the actual or constructive possession of the Studebaker. To the contrary, plaintiff has consistently attempted from May of 1965 to date to recover from defendant the purchase price of $331.00 which he, by his sealed bid, agreed to pay. It is true that the Government has thwarted defendant's devious efforts to have the registration of the Studebaker transferred but, as defendant is fully aware, title to the vehicle vests in him only when full and final payment is made.

Defendant's criticism of the Government of the United States, its agencies and employees, is without justification. All of the wrongs and injustices of which defendant complains result from his own actions and can very simply be resolved by his fulfilling an agreement he voluntarily entered into in May of 1965.

We have carefully reviewed the record and have considered all errors asserted by defendant. We find them without merit. The judgment of the District Court is affirmed.