FRED S. TODD SHOE COMPANY, Appellee, v. PIERCE SHOE COMPANY, Appellant.

**SALES:** Warranties—Rescission for Breach of One of Several Warranties. Principle recognized that proof of the breach of *one* of several alleged warranties justifies rescission.

**APPEAL AND ERROR:** Harmless Error—Sales—Requiring Proof of All Warranties Alleged. It is harmless error to require proof of the making and breach of *all* warranties alleged, in order to justify the rescission of a sale, when the evidence on such

issue is such that it is manifest that all of said alleged warranties were made or none of them were made.

**SALES:** Warranties—Breach—Rescission Within Reasonable Time.
3 Suggestions of a vendor that vendee place the goods in controversy on sale, and that vendor would later adjust any defect in quality, will not indefinitely postpone the period within which vendee must rescind, the suggested arrangement not being such as to operate as a waiver of the right to rescind. *Held*, whether vendee rescinded within a reasonable time, was, under the record, a jury question.

**TRIAL:** Instructions—Form, Requisites and Sufficiency—Correct
4 Though Inexplicit—Special Instruction, Failure to Ask—Waiver. Instructions correct, though inexplicit, are sufficient, in the absence of a request for more explicit ones.

**SALES:** Action For Price—Measure of Damages. In an action for
5 the price of goods sold, an instruction that, if the jury found against defendant on his claim of rescission, it should allow plaintiff the invoice price, was correct, inasmuch as the parties had agreed that the invoice price was the market price, and inasmuch as defendant waived all damages by electing to rescind.

**APPEAL AND ERROR:** Harmless Error—Erroneous Computation
6 Against Non-appellant. Manifestly, appellant may not complain that he was allowed on a counterclaim more than he was entitled to receive.

*Appeal from Pottawattamie District Court.*—THOMAS ARTHUR, Judge.

TUESDAY, JANUARY 9, 1917.

REHEARING DENIED SATURDAY, MAY 19, 1917.

ACTION for balance owed on shoes purchased. Defendant pleaded rescission and return of a part thereof, and claimed damages consequent on an alleged breach of warranty on the remainder. There was a verdict for less than the amount sued for, and judgment thereon. The defendant appeals.—*Affirmed.*

*Mayne & Green,* for appellant.

*Wright & Baldwin,* for appellee.

Ladd, J.—I. ˙ The parties hereto are cor-

**1. Sales: warranties: rescission for breach of one of several warranties.** porations, and agree that plaintiff shipped defendant shoes invoicing $3,642.42, and has been paid thereon $1,000; and, unless the defense or counterclaim interposed was sustained, the plaintiff was entitled to recover $2,642.42, with interest. Both of these are based on an alleged warranty of the goods sold and breach thereof. The defendant claimed to have rescinded the purchase of all goods not disposed of, the invoice price of which equalled the amount sued for, and asked for damages by way of counterclaim on those retained and sold to its customers. See *Young and Conant Mfg. Co. v. Wakefield,* 121 Mass. 91; *Myer & Dostal v. Wheeler & Co.,* 65 Iowa 390.

The alleged warranty is accurately stated in the fourth instruction, exacting that, to maintain the defense, the defendant must establish, by a preponderance of the evidence, the following matters:

"First. · That, at the time it purchased the shoes in question from the plaintiff, that the plaintiff, through its agent, .H. H. Roosa, contracted and guaranteed with the defendant that the shoes, so purchased, would be of first-class quality, and as good as any other goods of similar price and quality made by other manufacturers; and that they would be good, merchantable stock, durable and well made; and that, as an inducement to defendant to purchase said goods, the agent of the plaintiff promised and affirmed that the stock in the shoes so purchased would be first-class, and that the linings of and workmanship on said shoes should be the very best, and that all of said shoes should have the best grade of sole leather bottoms, and should be fully equal to certain samples then and there shown to defendant by plaintiff's agent.

"Second. That the shoes so purchased were not of the character and quality as represented and contracted for.

That in truth and fact the stock in said shoes were not the best, but, on the contrary, inferior, and the bottoms were not the best grade of sole leather, but a very poor grade, nor were said shoes equal to the samples shown by said agent, but on the contrary were much inferior thereto.

"Third. That the defendant, within a reasonable time after he had learned that such shoes were not of the character and quality as represented and guaranteed by the plaintiff, elected to rescind the contract of purchase and return the goods to the plaintiff, and did return said shoes to the plaintiff.

"The burden is upon the defendant to establish the matters above stated, and, if it does establish such matters by a preponderance of the evidence, its defense will be made out against plaintiff's claim. If the defendant fails to establish such matters, such defense will not be made out, and you will find for plaintiff upon its claim for the balance due upon said account."

2. APPEAL AND ERROR: harmless error: sales: requiring proof of all warranties alleged.

Exception is taken to this instruction, for that, as is said, it requires that, to establish the right to rescind, the defendant must establish each of the several warranties alleged and prove a breach of said warranties. It is open to the criticism, in that it exacts proof of all of the several warranties. This was error; for, if any of the warranties were made and breached, this would have furnished sufficient basis for a rescission. But the witnesses testifying to any of the alleged warranties testified that all of them had been made, and the only witness to the contrary merely said he did not remember making any guaranty, and then that none was made. In this state of the record, there was not room for the jury to find that any of the alleged warranties were made without saying this of all of them. Moreover, the jury, in finding for

less than the amount instructed to allow,

**3. Sales: warranties: breach: rescission within reasonable time.** in event no warranty were proved, necessarily found that warranties such as alleged were made, and there was no prejudice.

II. Pierce testified:

"At the time I bought the goods, I had a talk with Mr. Roosa as to what would be done if any of the goods were defective, and he said they would stand behind every pair of shoes, and would make everything good that was not good. After that, Mr. Roosa came one Sunday forenoon, and I went over the goods with him carefully. That was 3 or 4 weeks after I ordered them. He said some of these goods didn't look like they should; 'but you go ahead and mark them up and sell them, and if there is any trouble with them, take the matter up with me and not with the house, and I will make everything right.'"

This was corroborated by another witness. Appellant contends that, in view of this evidence, denied by the agent, in addition to the third paragraph of the fourth instruction, quoted above, and also the eighth instruction to the same effect, the jury should have been told, in substance, "that, if plaintiff's agent told defendant's manager (Pierce), at the time when the latter was declining to accept the shoes, to keep them, and that all differences would be adjusted by him thereafter, that plaintiff had waived all right to complain on account of the shoes' being so kept."

Doubtless this would be so if the course pursued might also be said to have waived the right to rescind. But the conversation, if it occurred, related to the handling of the goods while retained, and not to what should be done in event of a rescission; and the cases cited, relating to a waiver of the return of the property in that event, have no bearing on the issues. The suggestion that the goods be marked and placed on the shelves and that the agent would adjust, if made, would not, alone, indefinitely postpone the

period within which defendant must rescind, if at all, but would be an important circumstance in determining whether defendant had elected to rescind within a reasonable time; for surely he might not proceed indefinitely under such an arrangement and, regardless of the lapse of time, finally conclude to abandon it and return the goods. All contemplated was a bona fide effort to dispose of the goods upon the agent's assurance of adjustment of loss owing to defects therein; and if, notwithstanding such effort, the defendant determined to rescind, this must have been effected within a reasonable time after discovering the defects, in view of all the evidence in the case.

**4. Trial: instructions: form, requisites and sufficiency: correct though inexplicit: special instruction, failure to ask: waiver.** The shoes were designed for the spring trade. They were ordered prior to March 19, 1914; so that the alleged conversation must have taken place in the fore part of April following. The goods were shipped back July 17th or 18th of the same year, and we are of opinion that whether this was within a reasonable time, in view of all the circumstances shown and evidence adduced, was for the jury to decide. Attention might well have been directed to the alleged arrangement, had such an instruction been requested; but, in absence of a request, we think the portion of the eighth instruction sufficiently covered the matter so considered:

"Whether the defendant's election to rescind said contract, if you find he had a right to rescind such contract, on or about June 18, 1914, the date of the delivery of the shoes at the Northwestern freight depot at Council Bluffs, Iowa, was within a reasonable time after it had discovered that the shoes were not as warranted, or not, is a question for you to decide under the evidence, and in the consideration of this matter, you will consider what was said by the plaintiff and the defendant, concerning the shoes, through their agents and representatives, and what was done by

the defendant with respect to the shoes while they were in its possession, the length of time which intervened between the time when the defendant ·claims to have ·learned that the shoes were not of the quality as warranted and the time when he returned them to plaintiff by delivering them at the depot in Council Bluffs, consigned to the plaintiff, and all other facts and circumstances shown in evidence throwing light thereon."

There was no error at this point.

III. The court directed the jury, in

5. Sales: action for price: measure of damages.

event it found against defendant on the issue of rescission, to allow plaintiff the prices at which the goods were invoiced, naming the aggregate amount unpaid. Appellant claims that only the market value of the goods, as they were, might be recovered. The parties had agreed that the invoice prices were the market value of the goods as they would have been, if as warranted; and, as defendant waived all claim for damages, by electing to rescind, the measure of recovery was rightly stated in the instruction.

IV. The verdict leaves no doubt that

6. Appeal and error: harmless error: erroneous computation against non-appellant.

the jury found for plaintiff on the issue of rescission, and for the defendant on the counterclaim. True, the verdict was for $2,262.16, or $505.76 less than the court told the jury to find, in event they found for plaintiff on both issues, and only $447.50 was claimed on the counterclaim. But they were clearly told, several times, not to allow plaintiff anything if rescission had been effected, and,·in returning a verdict for the plaintiff, necessarily found for it on that issue. In making the reduction, then, the jury must have found for the defendant on the counterclaim: i. e.,·that the goods were warranted, as alleged; that they were not as warranted; and that, on those retained, it had suffered damages approximately in the amount subtracted

from the aggregate of the invoice prices, with interest. Evidently the jury made a mistake in computation, not prejudicial to appellant.—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.