ALVINA ROGERS, Appellant, v. R. F. HALE, Appellee.

MARCH 6, 1928.

---

*Andrew L. Chezem* and *Henry Vollmer*, for appellant.
*Lane & Waterman* and *J. J. Lamb*, for appellee.

558

STEVENS, C. J.—This is an action in equity, to restrain the enforcement of a chattel mortgage, and for other relief. Considered in the light of established procedure and the rules governing the same, the nature and scope of the remedy sought are, to say the least, not easy of ascertainment. The transaction out of which the action arose may be stated about as follows:

Charles E. Rogers in 1924 was engaged in the taxicab business in the city of Davenport, under the name and designation of the De Luxe Cab Company. Defendant, appellee herein, was engaged in the business of buying and selling used and rebuilt taxicabs in the city of Chicago. Following some correspondence between the parties, Rogers, now deceased, accompanied by an automobile mechanic, went to Chicago, on November 25, 1924, to purchase two Model-M rebuilt taxicabs. Appellee had none ready on that date for delivery, and a written contract was entered into between the parties, the material part of which is as follows:

"Please deliver as soon as possible to the undersigned 2 Model M rebuilt taxicabs; Color Combination Standard Delux color, which I have purchased with the understanding that this vehicle is sold 'as is.' * * * "

Printed at the bottom of the page is the following:

"Note: All cars sold 'as is' and shown and are *not* guaranteed as to condition, completeness or performance."

The foregoing portion of the contract was printed. Below the above "note," the following notation is written in ink:

"Note: If these cars are not up to Mr. Rogers' expectations, we are to refund this deposit to him and cancel order."

The contract, which was executed in duplicate, was signed "Chas. E. Rogers, Purchaser," "R. F. Hale, Salesman." The price, terms, etc., were written in the body of the instrument. The price agreed upon for the two taxicabs was $1,915.50, which was to be paid by the delivery by Rogers of two Velie sedans to appellee at an agreed price of $350 each, and by the execution of six notes for $194.25 each, maturing one each month after date. The purchase was consummated on December 19th, on which date the two Velie sedans were delivered to appellee, and the notes and the mortgage upon the two rebuilt taxicabs to secure the payment thereof executed. The two rebuilt cabs

were driven by Rogers, or those in his employ, from Chicago to Davenport. None of the notes were paid by the purchaser.

The petition was filed February 24, 1925. The execution of the contract of November 25th, and of the notes and mortgage, and the delivery and exchange of the sedans and of the taxicabs, are all alleged therein.

It is further alleged that the same were obtained by the false and fraudulent representations of appellee as to the condition, quality, value, and character of the two Model-M taxicabs. It is charged that they were not rebuilt, that they were defective in many particulars, and that they were, in effect, of little value. The prayer of the petition is as follows:

"Wherefore, plaintiff prays for a decree of this court compelling defendants to come to an account with plaintiff over the value of the said cabs, the two Velies and the two yellow cabs, and that the court will cancel and declare void the contracts, debts, obligations, notes, and mortgages represented by Exhibits 'A' and 'B,' and order and compel defendants to surrender the same up for cancellation, and declare that no debt exists, and that said Yellow Cabs are fully paid for, and that plaintiff be given judgment for the residue."

The answer of appellee to the petition admitted the execution of the several instruments of writing, and the delivery and exchange of the taxicabs and the Velie sedans, and alleged that the former were rebuilt, and in all respects complied with the contract of purchase. By way of counterclaim, the defendant asked judgment upon the six notes, and for the foreclosure of the lien of the chattel mortgage. The court dismissed the plaintiff's petition, and entered judgment and decree on the counterclaim, as prayed.

Except the claim of Rogers that he offered to return the taxicabs to appellee before he left Chicago on December 20th, no offer to return the same appears to have been made. His testimony on this point is denied by appellee. They were in the plaintiff's possession at the time of the trial. To effect a rescission of the contract, it was incumbent upon Rogers to do what he could to place appellee *in statu quo*. The plaintiff alleged in his petition that he was willing to pay whatever amount the court found was rightfully due appellee, and to do equity. The relief sought, as we interpret appellant's pleadings, is the can-

cellation of the notes and mortgage, upon the ground that they were fully paid, and an accounting by appellee of the Velie sedans traded to him.

Judgment for damages for loss to appellant's business is also asked. Before we proceed to a brief discussion of the law, attention should be called to the conflict in the evidence as to the terms of the contract executed November 25th. As stated, two instruments were signed by the parties. When introduced in evidence, the one delivered to Rogers disclosed that the words "as is," printed in two places in the contract, and the word "not," immediately preceding the word "guarantee" in the note at the bottom of the page, were erased. The changes are indicated by the italics in the portion of the contract quoted. There were no erasures on the copy presented and introduced by appellee. The effect of the changes in the contract is apparent. The altered copy imports a warranty; whereas, by the terms of the other, there was no warranty. We will refer later to the evidence of the respective parties on this point. If there was a warranty as to completeness or performance of the taxicabs, and the same was breached, a ground for the rescission of the contract arose. Section 9998, Code of 1927; *Todd Shoe Co. v. Pierce Shoe Co.*, 179 Iowa 1383. The provisions of the foregoing section, so far as material, are as follows:

"1. Where there is a breach of warranty by the seller, the buyer may, at his election: * * *

"d. Rescind the contract to sell or the sale and refuse to receive the goods, or, if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid."

It is not clear from the petition whether appellant seeks to avail himself of the statute. Upon his theory of the contract, if there was a breach of the warranty claimed, he was in a position, by complying with the terms of the statute, to rescind the same. No question is raised by appellee as to the nature or scope of the remedy sought by appellant, nor was the petition assailed in any way. The theory of the pleader apparently was that there was such fraud on the part of appellee in the transaction, coupled with the alleged warranties in the contract, as to entitle appellant to have the notes and mortgage canceled, upon the ground that the $50 paid in cash at the time of the execution of

the contract, and the two Velie sedans delivered December 19th, exceeded the value of the two taxicabs, and that, therefore, the indebtedness was fully satisfied, and that a court of equity should so decree. This interpretation of the issues, which we will first discuss, makes a resort to the evidence necessary, to determine the relative rights of the parties.

First, as to the contract. Rogers and the mechanic who accompanied him to Chicago both testified that the two purported copies thereof were filled in by Hale; that, when they were completed and handed to Rogers to sign, he insisted that the erasures shown in the copy introduced by him be made. The erasure of the words "as is" at the top of the page is shown on the original to have been made in lead pencil, and the other changes appear in ink. Hale and a clerk in his office both testified that no erasures were made in either copy of the contract at the time the same was executed. Mrs. Rogers, who appears in this court as appellant, testified also that she was present, and did not see the erasures made, but that the copy was changed when given to her husband. Both Hale and the clerk in his office testified that the mechanic was not present when the instruments were signed. Rogers was very positive in his testimony that he first discovered the words "as is" at the top of the contract, and insisted upon their being erased; that, later, he discovered the same words at the bottom of the contract, and again demanded that they be erased therefrom. It is significant in this connection that one so observing and careful should have neglected to see to it that both copies were changed. Rogers testified that he refused to sign until the change was made; that, before he signed, appellee told him that the copies were exactly alike. If the changes in the copy delivered by appellee to appellant were made by the former, then clearly he is bound thereby. No possible advantage could have come to him by a failure on his part to conform both copies to the actual agreement between the parties, particularly under the facts of this case.

Appellant at all times stood on the allegations of the petition, and must prevail, if at all, upon the cause of action therein stated. If we have correctly interpreted the issues tendered therein, the court at best, if fraud or a breach of the warranties be found, could decree the cancellation of the notes and mort-

gage, upon satisfactory proof that the value of the taxicabs purchased was not greater than the actual or agreed value of the Velie sedans plus the cash payment of $50. If the value of the taxicabs was greater than the cash paid, plus the value of the Velie sedans, a balance would be due appellee on the notes, and they could not be canceled. Evidence was introduced on both sides as to the market value of the taxicabs, and also of the sedans. This evidence was conflicting. Hale testified that he sold one of the sedans for $40, and the other for less than the agreed value. He also testified positively that the taxicabs were rebuilt at an actual expense to him of $689.45 for one and $511.63 for the other. The only contradiction of this evidence is the testimony of experts as to the condition of the vehicles some time later. The evidence of the experts tended to show that, if the taxicabs were rebuilt, both the material and the workmanship employed therein were of poor quality, and that they were not in good working condition, but defective in many particulars. The court cannot find, however, upon the evidence introduced, that the taxicabs were not in fact rebuilt, or that their value did not exceed the value of the sedans and the cash payment. The use of poor material and poor workmanship in the rebuilding of the taxicabs bears only upon the question of their value, and not upon the issue as to whether they were in fact rebuilt. We are satisfied from the evidence that they were rebuilt.

Appellant must likewise fail if the cause of action pleaded was the ordinary one for the rescission and cancellation of  written instruments obtained by fraud, and because of a breach of warranty. Appellant did not tender the taxicabs back to appellee, nor offer to do so. This was necessary to a rescission of the contract.

In this view of the case, it becomes unnecessary to determine whether or not the erasures on the copy of the contract introduced by appellant were made by appellee before it was signed. We deem it proper, however, to say that, in our opinion, the evidence on behalf of the appellant fails to sustain his claim at this point by clear and satisfactory proof. The term "as is," as defined by one of the witnesses, refers to a used motor vehicle on which no labor has been performed or repairs of any kind made. The use of the term in the contract, therefore, means that the

same is sold in the condition shown, without warranty. The taxicabs purchased by Rogers were to be rebuilt Model-Ms, and such the evidence shows were delivered to him. .

The record is voluminous, and much testimony was introduced by both parties that was not relevant to the issues tried. A recital thereof would avail nothing. After a careful study and analysis of the record, we are convinced that the conclusion of the district court was correct. It is, accordingly, affirmed.— *Affirmed.*

EVANS, FAVILLE, KINDIG, and WAGNER, JJ., concur.