POKRAJAC, Respondent, vs. WADE MOTORS, INC., Appellant.

*March 3—April 6, 1954.*

400

For the appellant there was a brief by *Cavanagh, Mittelstaed, Sheldon & Heide* of Kenosha, and oral argument by *William A. Sheldon.*

For the respondent there was a brief by *Lepp & Phillips* of Kenosha, and oral argument by *Burton Lepp.*

BROWN, J. All the answers in the special verdict have support in the evidence and if the case turns on the facts so found the judgment must be affirmed. In our view, however, the trial court erred in not recognizing that the relationship between buyer and seller, established by the written agreement under which the automobile was sold and delivered, makes our decision in *Flies v. Fox Bros. Buick Co., supra,* inapplicable to the present case. The *Flies Case* held the seller, who was also the rebuilder of a secondhand automobile, liable on grounds of negligence to a third person with whom the buyer of the car collided because the car's brakes were defective. That decision impresses us now as good law and, at any rate, it is a precedent firmly established in this state, but it dealt with the liability of a negligent manufacturer and seller of a chattel to a person other than the buyer and with whom the seller had no contractual relationship. The citations at 42 A. L. R. 1250, on which the *Flies* decision was based, concern similar third-party situations. The present action between the seller and the buyer is outside the scope of the *Flies Case.*

While recognizing that ordinarily a seller has a duty to use reasonable care to deliver to the buyer an article safe for the purpose for which it is intended, we must recognize, too, that as between them the duty, and consequently the liability, may be modified by agreement. The ancient doctrine of *caveat emptor* has been much modified and restricted in modern times but we have not yet heard that a party may not

buy secondhand articles at his own risk if it suits him to do so. By the terms of the sale this buyer did just that. Those terms might be avoided if they were induced by the seller's fraud but plaintiff abandoned that cause of action although he had originally pleaded it. Plaintiff insists that the issue is one of negligence only and when he dropped the fraud issue the matter of the contract went out of the case. We cannot see the situation in that light. Even though plaintiff rests his complaint on the defendant's negligence, defendant's liability to him must depend on a breach of duty. We can find no such duty or breach in this case because plaintiff bought the car "as-is" without guaranty as to condition, thereby, as between themselves, releasing defendant from responsibility for such defects as it might have and himself assuming the risk. This buyer does not stand in the position of one who made no specific agreement concerning condition and he does not attain that position by charging the seller with negligence in delivering the automobile "as-is" when he had agreed to take it that way. Having taken it subject to such defects as it might have, he cannot throw liability arising out of its defects back on the seller. We see no reason in public policy why the parties may not, as between themselves, make such a contract, and that they did so here is undeniable. Accordingly, we hold that it was error for the trial court to refuse to admit the contract offered in evidence by defendant and with that admitted, fraud being already out of the case, plaintiff's cause of action fails.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment dismissing the complaint.