[No. 38102. Department One. February 16, 1967.]

ROY RONALD FLEMING, *Plaintiff*, v. STODDARD WENDLE MOTOR Co., *et al.*, *Appellants*, JOHN W. TRIPLETT *et al.*, *Respondents.**

*Reported in 423 P.2d 926.

*John D. MacGillivray* and *Willard W. Jones,* for appellants.

*James P. Connelly* and *Cashatt, Williams, Connelly & Rekofke,* for respondents.

BARNETT, J.†—Plaintiff Fleming brought an action against the defendants, Stoddard Wendle Motor Company and an employee of Stoddard Wendle, Carl Z. Radanovsky, for negligence. The defendants made the Tripletts third party defendants and alleged that if the plaintiff Fleming did sustain any injuries the same were the proximate result of the negligence of the third party defendants. Based upon the pleadings, and an affidavit and a deposition of John Triplett, the third party defendants moved for a summary judgment. The trial court granted the summary judgment and the Tripletts were dismissed. From this order the defendants have appealed.

A capsule summary of the undisputed facts is as follows. John Triplett owned a 1955 Ford pickup truck with an automatic transmission. In conjunction with the automatic transmission, there was also a neutral safety switch which prevented the motor from starting if the transmission was "in gear." Triplett broke the neutral safety switch and as he repaired it he modified it so that the pickup motor would start even though the transmission was "in gear." Triplett had broken the electrical connection points in the neutral safety switch and in order to be able to start the motor again he just connected the wires, by-passing the neutral safety switch. Triplett was well aware of the effect of the modification he made.

Subsequent to the modification, the motor broke down to the point of being inoperable. Triplett removed the drive shaft of the pickup and towed the vehicle to Stoddard Wendle's garage and arranged to trade it in on another

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

pickup. In the course of this trade-in transaction, Triplett did not disclose to Stoddard Wendle that he had modified the safety mechanism in the ignition system, but he did say that the motor was inoperable and that the drive shaft was not in place. The trade-in was made "as is" and no warranties were given. No employee of Stoddard Wendle had inspected the pickup before or at the time the trade-in transaction was completed.

About two weeks after the trade-in had been completed, an employee of Stoddard Wendle, Carl Z. Radanovsky, started the pickup and it suddenly moved forward striking and injuring the original plaintiff, Fleming.

■ Although the evidentiary facts are undisputed, if reasonable minds could draw different conclusions therefrom, a motion for summary judgment must be denied, *Peterson v. Peterson*, 66 Wn.2d 120, 401 P.2d 343 (1965) and cases therein cited. In the present case reasonable minds could differ with reference to John Triplett's alleged negligence in not disclosing to Stoddard Wendle that the neutral safety switch had been modified so that the motor of the pickup could be started with the gear shift indicator in the "low" and "drive" positions as well as neutral. Secondly, reasonable minds could differ as to whether Triplett created a dangerous condition by the said modification.

We are led to the question of whether Triplett is to be held liable for not disclosing to Stoddard Wendle that he had modified the neutral safety switch so that the motor of the pickup would start, not only in the neutral position, but also in other positions of the shift lever, including the drive position.

■ With reference to a duty to disclose, we adopt Restatement (Second), Torts § 388 (1965) which is as follows:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and

(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

Restatement (Second), Torts § 388, Comment c (1965) says that the duty to disclose applies to vendors and others irrespective of whether the chattel is made by them or by a third person; therefore, we hold that Triplett is a supplier within the purview of § 388 of the Restatement of Torts.

In the instant case reasonable minds could differ as to whether or not Triplett created a dangerous condition. It is undisputed that he did modify the safety switch wiring so that the pickup motor would start when the gear shift mechanism was "in gear." It is inferable from the record that repair and resale of the pickup was the intended use for which Triplett supplied it. Furthermore, the trier of fact could find that Triplett had reason to expect that third parties would be in the vicinity of the pickup's intended use and would be endangered by this use while in the possession of Stoddard Wendle; that Triplett knew or had reason to know the pickup was dangerous or likely to be; and that he also had no reason to believe that Stoddard Wendle would realize the dangerous condition of the pickup, at least until repairs had been made to the motor so that the truck could be operated again. Finally, it is undisputed that Triplett failed to warn about the change he made in the ignition system.

In this case, however, Triplett contends that since he traded in the pickup "as is" and made no warranties he cannot be held liable for a failure to disclose to Stoddard Wendle that he had changed the safety mechanism in the vehicle's ignition system. He argues that the "as is" provision as a matter of law exempts him from liability for negligence.

■ We disagree. We have held in certain circumstances that parties may bargain for exemption from liability for the consequences of negligence. *Griffiths v. Henry Broderick, Inc.*, 27 Wn.2d 901, 182 P.2d 18, 175 A.L.R. 1 (1947); *Broderson v. Rainier Nat'l Park Co.*, 187 Wash. 399, 60 P.2d 234 (1936). However, in order to effectuate such a result, a provision for such an exemption must clearly express an intention to exclude liability for any and all harms however caused. 6A Corbin, Contracts § 1472 (1962); *Griffiths, supra.*

■ The significance of an "as is" sale is that the goods are sold in the condition in which they are. 1 Williston, Sales § 239 (1948); *Rogers v. Hale*, 205 Iowa 557, 218 N.W. 264 (1928). Such a sale, unless otherwise provided in the contract, excludes and negatives warranties. 46 Am. Jur. *Sales* § 319 (1943); *Stalik v. United States*, 247 F.2d 136 (10th Cir. 1957); *American Sanitary Rag Co. v. United States*, 161 F. Supp. 414 (1958). In other words, the term "as is" by itself amounts solely to a disclaimer of warranty.

The absence of warranties in the sale of chattels does not preclude liability for negligence. Prosser, Torts § 491 (2d ed. 1955). In *Pipe Welding Supply Co. v. Gas Atmospheres, Inc.*, 201 F. Supp. 191 (1961) an exculpatory clause in the contract excluded warranties. The court held that the exculpatory clause was not effective as an exemption of liability for negligence.

Several cases are cited in support of the contention made by the Tripletts, however, they are not persuasive authority because of distinctive differences between the present case and those cases. In *Pokrajac v. Wade Motors, Inc.*, 266 Wis. 398, 63 N.W.2d 720 (1954) a used car dealer sold a car under a written contract which had an "as is" provision. The court quoted part of that provision at 399 as follows:

"In case the car covered by this order is a used car, the undersigned purchaser states that he has examined it, is familiar with its condition, is buying it as a used car, as-is, and with no guaranty as to condition, model, or mileage, unless otherwise specified herein in writing. No

oral representations have been made to the purchaser and all terms of the agreement are printed or written herein."

It was held that the purchaser could not recover from the used car dealer for injuries caused by a defect in the car on an allegation of negligence since the sale had been "as is." The negligence charged was in selling and delivering a car with defective brakes. There are two important differences between *Pokrajac* and the instant case. First of all, in the case at hand the purchaser, Stoddard Wendle, did not inspect the pickup at any time before the trade-in transaction had been completed, whereas, in *Pokrajac* the purchaser agreed that he had examined the car and knew what he was buying. Secondly, the allegations of negligence are different. In *Thrash v. U-Drive-It Co.*, 158 Ohio St. 465, 110 N.E.2d 419 (1953) there was a sale "as is" of a used vehicle to a used car dealer for resale with a defect created by the "as is" seller. However, the injuries caused by the defect occurred after the used car dealer sold the vehicle to another user. The Ohio court held the injured party could not recover from the "as is" seller. We find the fact that the pickup had not left the possession of Stoddard Wendle, the vendee of the "as is" seller, a significant distinction between the present case and *Thrash*, since the Ohio court's reasoning in concluding that the "as is" seller in *Thrash* was exempt from liability was partially based on intervening cause.

In view of the fact that the factual pattern in the record before us is barren of any exclusionary provision other than "as is" which normally excludes only warranties, we hold that Triplett is not exempt from liability for negligence as a matter of law.

A resolution of the question of indemnity raised in the briefs on appeal must necessarily await a decision on the merits.

Judgment of dismissal reversed.

HILL, ROSELLINI, OTT, and HALE, JJ., concur.