351 So.2d 1081 (1977)
Darrell G. KNIPP, Appellant,
v.
Bernard WEINBAUM, Allan Weinbaum, State Auto Mutual Insurance Co., et al., Appellees.
No. 76-1744.
District Court of Appeal of Florida, Third District.
November 1, 1977.
Rehearing Denied December 5, 1977.
*1083 Frates, Floyd, Pearson, Stewart, Richman & Greer and William Bruce Harper, Jr., and Gary D. Fox, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman and William S. Reese, Miami, for appellees.
Before BARKDULL, NATHAN and KEHOE, JJ.
NATHAN, Judge.
Plaintiff appeals from a summary final judgment for defendants in a personal injury action against the seller of a used motorcycle, and from the trial court's denial of plaintiff's motion to amend his complaint, which originally charged breach of warranties and negligence, to include a count in strict liability.
In 1973, plaintiff purchased a three-wheeled motorcycle ("trike") from defendant, Allan Weinbaum, doing business as Homestead Cycle Shop. The trike had been constructed at home approximately two years earlier by a young motorcycle enthusiast for his own use, and had been privately traded to three other individuals before it reached defendant's shop. Plaintiff signed a bill of sale which included the prominent statement: CYCLE SOLD AS IS  ONE CUSTOM TRIKE HONDA THREE WHEELER. Several hours later, on the date of purchase, plaintiff was severely injured, allegedly because a defective weld on the rear axle gave way, causing plaintiff to lose control of the trike while on a major highway.
Suit was filed in August of 1974, recovery initially being sought on grounds of breach of express and implied warranties, and negligence. Summary final judgment was rendered in favor of defendants on the original counts on August 23, 1976. On August 26, 1976, the Florida Supreme Court having rendered its decision adopting strict liability in this state on July 21, 1976,[1] plaintiff moved to amend his complaint to include a claim predicated on strict liability. This motion was denied on September 13, 1976.
Appellant contends: (1) The trial court erred in granting summary judgment on the count of implied warranty because the testimony of both parties shows that neither intended the "as is" provision to operate as a disclaimer of the implied warranties of merchantability and fitness for a particular purpose; (2) the trial court erred *1084 in granting summary judgment as to breach of express warranty because statements of defendant's employee concerning the dependability of the trike became a basis of the bargain between the parties which was breached when the merchandise did not conform to the statements made; (3) the trial court erred in granting summary judgment on the negligence count since material issues of fact remain to be resolved concerning the adequacy of defendant-sellers' safety inspection of the vehicle and of their maintenance of it; (4) in light of the policy behind this state's adoption of strict liability in tort for sellers of defective, unreasonably dangerous products, it was error for the trial court to refuse to allow plaintiff to amend his complaint. We deal with plaintiff-appellant's contentions in the order of their presentation above.
Plaintiff avers that the parties had differing understandings of the intended meaning of the phrase "as is" on the bill of sale. If the law implies no warranties at all on the facts of this case, the intent of the parties would be immaterial to the first assignment of error. Therefore we must decide initially whether the implied warranties of merchantability, Section 672.2-314, Florida Statutes (1973), and fitness for a particular purpose, Section 672.2-315, have viability in this action. This in turn will depend on whether these warranties are applicable to the sale of used goods; the effect of the words "as is" in a personal injury action based on an alleged defect in used goods sold; and the intent of the parties in the circumstances surrounding the transaction at issue.
On the question of whether implied warranties are applicable to the sale of used goods, we find the rationale of Brown v. Hall, 221 So.2d 454 (Fla.2d DCA 1969) compelling. This case imposed an implied warranty as to fitness, condition, and quality on the sale of used goods when the seller knew the purpose for which the buyer purchased the goods, a used truck, and that he had relied on the seller's skill and judgment in making the purchase. Though decided on the basis of pre-code law, the applicability of this case is both pertinent and continuous.[2] We find that implied warranties may be imposed on the sale of used goods in limited circumstances, despite ostensible disclaimers.
The plaintiff in this case alleged that his injuries resulted from a defect in the goods sold. To foreclose consideration of his claim by permitting an "as is" disclaimer to operate as an automatic absolution from responsibility through the mechanism of summary judgment would belie the policy behind Section 672.2-719(3), which states that "limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable. See generally Matthews v. Ford Motor Company, 479 F.2d 399 (4th Cir.1973); Sarfati v. M.A. Hittner & Sons, Inc., 35 A.D.2d 1004, 318 N.Y.S.2d 352 (1970).
Moreover, Section 672.2-316(3) provides:
(a) Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is", "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty... . (emphasis supplied).
It is the clause "unless the circumstances indicate otherwise" which precludes a finding that automatic absolution can be achieved in the sale of used consumer goods merely by the inclusion in a bill of sale of the magic words "as is."
This is not to say that a seller of used goods may not absolve himself from responsibility for defects in the goods sold when both he and the buyer understand this to be the intended meaning of the phrase "as is." See Comment 3 to Section 672.2-719. The Uniform Commercial Code contemplates that a seller may disclaim warranties as *1085 long as the buyer reasonably understands this is being done. Osborne v. Genevie, 289 So.2d 21 (Fla.2d DCA 1974) (dicta). See generally Eckstein v. Cummins, 41 Ohio App.2d 1, 321 N.E.2d 897 (1974); Dobias v. Western Farmers Ass'n, 6 Wash. App. 194, 491 P.2d 1346 (1971). But a disclaimer, to be effective, must be a part of the basis of the bargain between the parties. DeCoria v. Red's Trailer Mart, Inc., 5 Wash. App. 892, 491 P.2d 241 (1971). See also Rehurek v. Chrysler Credit Corp., 262 So.2d 452 (Fla.2d DCA 1972).
The record reveals conflicting statements in the depositions of the parties regarding the intended meaning of the disclaimer in this case. Indeed, there are statements which indicate that the seller himself may have intended the term "as is" to apply only to minor defects which would have rendered the trike incapable of passing the inspection required in order to get a motor vehicle sticker. Since the law does imply warranties in this sale of used merchandise, and since there is conflicting evidence as to the parties' understanding of the purpose of the "as is" disclaimer, there remain disputed questions of material fact in this case. Therefore summary judgment was improper. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966); Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977).
Plaintiff next asserts error in the trial court's rendering of summary judgment on the issue of express warranty, claiming that statements made by defendants' employee amounted to an express warranty of the dependability and safety of the trike under Section 672.2-313, Florida Statutes (1973). Defendant Allan Weinbaum has stated that he did not personally make any representations regarding the safety of the cycle, and further relies on the "as is" disclaimer to negate any inference of such a warranty. The most prominent principle in the construction of warranties is the ascertainment of the intentions of the parties in light of the surrounding circumstances. 28 Fla.Jur., Section 126 (1968). At minimum, these diverse contentions create a jury question as to the facts at issue in the understanding between the parties. In the present posture of the case it cannot fairly be said that, as a matter of law, no express warranty was created, especially since the record reveals no deposition by the employee. We therefore reverse the summary judgment on this issue. Holl v. Talcott, supra; Visingardi v. Tirone, supra.
Plaintiff's third claim of error rests on his assertion that material issues of fact remain unresolved concerning defendants' alleged failure to inspect and maintain the cycle adequately. The movant in a summary judgment proceeding must meet a twofold requirement. He must show both that there is no genuine issue of material fact remaining unresolved and that he is entitled to judgment as a matter of law. Fla.R.Civ.P. 1.510(c). The Florida Supreme Court has recently stated:
Movant's burden is even more onerous in negligence actions where summary judgment procedures historically have been employed with special care. (Citations omitted.) The necessity for exercise of such caution is emphasized by virtue of this Court's adoption of comparative negligence, Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), and its recent abolition of assumption of risk as an absolute defense, Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977). Unless a movant can show unequivocally that there was no negligence, or that plaintiff's negligence was the sole proximate cause of the injury, courts will not be disposed to granting a summary judgment in his favor.
Wills v. Sears, Roebuck & Co., supra at 30.
Here the plaintiff has alleged that the negligent omissions of defendants were the causative factors in the accident which injured him. In support of this proposition plaintiff proffered the affidavit of a professor of mechanical engineering which stated that a competent safety inspection would have revealed the defects which allegedly caused the accident. Only the defendant's testimony in deposition that he had checked the trike and his reliance on the disclaimer in the bill of sale stand in opposition to this claim.
Even if the "as is" term were to be found to negate liability under the causes of action *1086 in warranty, an issue by no means settled, the absence of warranties in the sale of chattel does not necessarily preclude liability for negligence. Fleming v. Stoddard Wendle Motor Co., 70 Wash.2d 465, 423 P.2d 926 (1967); Turner v. International Harvester Company, supra, note 2. On the contrary, in the instant situation, the "as is" disclaimer serves to add another dimension to the negligence claim, for its effect on the evidence presented may be substantial, especially on the question of whether or to what degree the defendant owed a duty to the plaintiff. The understanding of the parties as to the extent of the disclaimer is particularly relevant to a jury's determination of what was reasonable under the circumstances. See Turner v. International Harvester Company, supra. There remain disputed facts as to the degree of care exercised by defendants and the degree of care required of them. Summary judgment on the negligence count is singularly inapt on the facts before us.
Plaintiff's final assignment of error relates to the trial court's refusal to grant his motion to amend his complaint to include a cause of action in strict liability. We do not now deal with the broad question of whether strict liability in tort is applicable to the purchase of used merchandise not originally manufactured for sale to the public. We reach only the procedural question of whether the trial judge abused his discretion by refusing to allow plaintiff to amend his complaint to include a count in strict liability after final summary judgment had been rendered.
The facts reveal that the supreme court's decision in West v. Caterpillar Tractor Co., Inc., supra, note 1, adopting strict liability, was rendered approximately five weeks before plaintiff moved to amend. The decision was a major one, opening new avenues of relief previously unavailable in personal injury actions. Because the time lapse between the filing of the West decision and plaintiff's motion to amend was reasonable in the light of practical considerations, because of the importance of West to litigants in this state, and because of the policy behind Rule 1.190(e), Florida Rules of Civil Procedure, denial of the motion to amend was inappropriate. Rule 1.190(e) provides that the court may permit a pleading to be amended at any time in furtherance of justice. Liberal construction of this rule is particularly applicable in a situation such as the one before us where the amendment is based on the same conduct, transaction and occurrence upon which plaintiff had brought his original claim. Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla.4th DCA 1971).
Moreover, the Florida Supreme Court, in Linder v. Combustion Engineering, Inc., 342 So.2d 474 (Fla. 1977), specifically held that the doctrine of strict liability of West should be applied to cases already commenced but in which trial has not yet begun. Id. at 476. Since the trial had not started when summary judgment was rendered, and since this decision reverses the summary judgment below, reinstituting proceedings in the trial court, the amended pleading must be allowed.
Reversed and remanded for further proceedings consistent with the views expressed herein.
NOTES
[1] West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976).
[2] Cf. Turner v. International Harvester Co., 133 N.J. Super. 277, 336 A.2d 62 (1975), where the court found that circumstances surrounding the sale indicated only the normal statutory exclusions dictated by an "as is" clause in a contract for the sale of a used truck, but implied that, had the facts so required, an implied warranty would have been imposed on the sale of used merchandise.