388 So.2d 620 (1980)
McNamara PONTIAC, INC., Petitioner,
v.
Antonio N. SANCHEZ, Respondent.
No. 80-365.
District Court of Appeal of Florida, Fifth District.
September 24, 1980.
George L. Winslow, Jr., Orlando, for petitioner.
Larry Morgan, Orlando, for respondent.
SHARP, Judge.
McNamara Pontiac, Inc., filed a petition for Writ of Certiorari pursuant to Rule 9.030(b)(2)(B), Florida Rules of Appellate Procedure, seeking review of the decision of *621 the circuit court affirming in part the decision of the county court. We deny the petition because it fails to show that the lower court exceeded its jurisdiction or that it departed from the essential requirements of law. Chicken "N" Things v. Murray, 329 So.2d 302 (Fla. 1976); Coffman v. State, 292 So.2d 608 (Fla. 4th DCA 1974); Pierson v. Sharp, 283 So.2d 886 (Fla. 4th DCA 1973).
The circuit court held that, under the circumstances involved in this case, an implied warranty could arise upon the sale of a used automobile by a car dealer, McNamara Pontiac, Inc., to a consumer, Sanchez. This conclusion is well-founded. Knipp v. Weinbaum, 351 So.2d 1081 (Fla. 3d DCA 1977); Enix v. Diamond T. Sales & Services, Inc., 188 So.2d 48 (Fla. 2d DCA 1966).
Sanchez signed a written disclaimer which provided he accepted the used car in an "as is" condition. Shortly after Sanchez bought the car, the dash area caught fire and the vehicle was destroyed. The trial court concluded that Sanchez was not bound by the disclaimer because it was not part of the "bargain" between the parties. The circuit court summarized the evidence:
The testimony of Mr. Lentz, the Defendant's salesman, indicates on pages 41-43 and page 48 that, at the time the Plaintiff signed the Dealer Warranty Disclaimer, neither the purpose of the document nor the nature of its disclaimer was discussed. To the contrary, the salesman believed the car was not sold "as is" and was explaining to the Plaintiff, Sanchez, about there being a GM Warranty on the car for two years or 24,000 miles. With the Plaintiff's English illiteracy coupled with the discussion of there being warranties, the evidence clearly supports the trial court's finding that the Plaintiff did not understand the disclaimer he signed and that it was not a part of the bargained for agreement between the parties.
To be effective, a disclaimer must be part of the sales bargain between the parties. Knipp v. Weinbaum, 351 So.2d 1081 (Fla. 3d DCA 1977); Rehurek v. Chrysler Credit Corp., 262 So.2d 452 (Fla. 2d DCA 1972); Hauter v. Zogarts, 14 Cal.3d 104, 120 Cal. Rptr. 681, 534 P.2d 377 (1975).
The circuit court held that the evidence in this case supported the trial court's finding. It is not our function to provide an additional "appeal" under the guise of "certiorari". Because petitioner has failed to demonstrate that the lower court committed any fundamental error, we deny the petition. Holden v. City of Ft. Lauderdale, 286 So.2d 218 (Fla. 4th DCA 1973); Olin's Rent-A-Car System, Inc. v. Avis Rental Car System, Inc., 135 So.2d 434 (Fla. 3d DCA 1961).
PETITION DENIED.
FRANK D. UPCHURCH, Jr., J., concurs.
DAUKSCH, C.J., concurs with conclusion only.