COWART, Judge,
dissenting:
I agree with the majority that the gravamen of an offense against the old “massage” statute, section 480.02(1), Fla. Stat.(1975), was the act of massaging, but that the new statute, section 480.047, Fla. Stat.(1979), merely prohibits one from falsely holding one’s self out as a licensed masseur. I also agree that the respondents in their motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4) tendered a false issue relating to whether, in fact, applying sun tan oil was massaging. Rather than pointing out that was not an issue under the statute and the information, the State controverted this false issue, thereby leading the county judge to err in dismissing the case. Finally, I agree with the majority that on appeal the circuit court erred on substantive law in affirming the erroneous county court ruling. However, I cannot agree that these errors should be corrected by this court on certiorari. The real issue in this case is the proper scope of the inquiry on common law certiorari review by a district court of appeal of a final decision of a circuit court acting in its appellate review capacity.
Certiorari is a discretionary extraordinary original proceeding in an appellate court and review by certiorari is different in principle from review by appeal. On appeal, judgments below can be affirmed, reversed, modified or remanded with directions but, properly, in certiorari the reviewing court either denies the writ or quashes the order or judgment being reviewed.
More importantly, on review by appeal, all three types of errors may be corrected: (1) jurisdictional, (2) procedural, and (3) substantive. However when confined to its legitimate scope, review by common law certiorari is strictly limited to only (1) the jurisdiction of the lower tribunal and (2) the regularity of the procedure followed below. It does not extend to the correctness of rulings of lower courts on substantive law. The inquiry on certiorari should be only whether the lower court had jurisdiction and proceeded in conformity to law, and the subject matter of the action below should not be reinvestigated, tried or determined on the merits. There is good reason why, as compared to appeal, the scope of inquiry on certiorari should be so limited and why it should not be extended to serve the same purpose as appeal. If, in cases in which the county courts have original jurisdiction and circuit courts have appellate jurisdiction, district courts of appeal review substantive law on certiorari, then there are two appeals from a trial in the county court but only one appeal from a circuit court trial. Substantive law gives no right to a second appeal from county court cases and this court should not provide one and call it certiorari.[1] The constitution of the State of Florida gives the circuit court final appellate jurisdiction of those cases originating in the county court[2] and expressly withholds from the district courts of appeal appellate jurisdiction over final judgments of trial courts directly appealable to a circuit court.[3] Therefore, when a district court of appeal reviews substantive law on certiorari review of circuit courts acting in their appellate capacity, it does not follow the constitution and usurps the circuit court’s final appellate jurisdiction.
It is true that appellate courts in Florida, while acknowledging the limited scope of certiorari review, have defined that scope *1353 by blurred and intentionally vague phrases (rather than in terms of jurisdiction and constitutional due process which are better defined concepts), thus allowing review as full as on appeal. Some such intentional broad and ambivalent phrases are “a departure from (or a failure to observe) the essential requirements of law,” “fundamental error,” “an order that is illegal as a matter of law,” “failure to apply a correct principle of law,” and “an error which effectively denies the party his day in court.” All of these phrases are the same: they are disguises under the cover of which an appellate court without jurisdiction to review by appeal is doing so. The cases cited by the majority are only examples; there are plenty more.
None of this is new. All of it has been better said long ago [4] and recently [5] by serious scholars and writers. However, the Florida Supreme Court in Jenkins v. State, 885 So.2d 1356 (Fla.1980) [1980 FLW 316], set an example by following the constitutional scheme and declined to encroach upon the final appellate jurisdiction of the district courts of appeal. The district courts of appeal should exercise the same intellectual integrity and self-restraint and quit exceeding their jurisdiction by using certiorari review to substitute their opinion as to substantive law for that of the circuit courts when the circuit courts are acting in their final appellate jurisdiction. After all, as a practical matter, a court opinion is only “right” if, and because, it is from a court of last resort. In this case the “errors” we perceive as having been made in the county court and the circuit court were simple errors of substantive law relating to whether certain acts constituted massaging and whether that determination disposed of the criminal charges. Both the county court and the circuit court had the jurisdiction they exercised and exercised it consistent with constitutional due process requirements. We must learn that jurisdiction and “correctness” are not the same and that judicial jurisdiction includes the power to err as well as the power to rule correctly.[6]
By granting certiorari and reviewing the correctness of the substantive law question involved this court, not the county court or the circuit court, acts in excess of its jurisdiction and deprives the respondents of due process by depriving them of the final judgment obtained in the trial court and successfully defended in the one appeal authorized by the Florida Constitution. Ironically, by granting certiorari review, this court itself, in one stroke, makes the only two errors that, if made by the trial court (county court) and the appellate court (circuit court), would justify this court’s use of the discretionary extraordinary remedy of common law certiorari. I would deny the writ.

. McNamara Pontiac, Inc. v. Sanchez, 388 So.2d 620 (Fla. 5th DCA 1980).

. Art. V, § 5(b), Fla.Const.; § 26.012, Fla. Stat.(1979).

. Rogers & Baxter, Certiorari in Florida, 4 U.Fla.L.Rev. 477, 493 (1951).

. Haddad, Certiorari in Florida, 29 U.Fla.L.Rev. 207, 220 (1977).

. See School board of Marion County, Florida v. Angel, - So.2d - (Fla. 5th DCA 1981) [1981 FLW 1141],