405 So.2d 432 (1981)
Andrew J. MASKER, Appellant,
v.
Richey T. SMITH, D/B/a Richey's Used Cars, Appellee.
No. 80-1146.
District Court of Appeal of Florida, Fifth District.
September 30, 1981.
Rehearing Denied November 6, 1981.
*433 Joseph H. Williams of Troutman, Parrish & Williams, P.A., Winter Park, for appellant.
J. Joaquin Fraxedas, Orlando, and Robert C. Cooper of Cooper & Rissman, P.A., Orlando, for appellee.
ORFINGER, Judge.
Appellant, as plaintiff below, contends that the trial court erred in entering a summary final judgment in favor of appellee in this action brought on separate counts of negligence, breach of warranty and strict liability. We affirm.
Plaintiff alleged that eleven days after purchasing a used 1957 automobile from defendant, a used car dealer, the brakes on the car failed when he attempted to stop at a stop sign, as a result of which he went through the stop sign into the path of an automobile approaching the intersection, and suffered injuries in the resulting collision. He contended in the first count that defendant had repaired the brakes prior to selling the car to plaintiff, and had done so negligently. Count II alleged a breach of implied warranty of fitness and Count III relied on strict liability in tort, alleging that defendant had created an unreasonable risk of harm by placing the car on the market with a defect in the braking system.
I. THE NEGLIGENCE COUNT. To support his motion for summary judgment on this count, defendant filed an affidavit specifically stating that during the few days of his ownership of the vehicle in question, no repairs were made to the automobile or to its braking system. To counter that, plaintiff relied on deposition testimony of John Young, the former owner of the car, and his mechanic, both of whom could not recall having any work done on the brakes, although they both conceded the possibility that the brakes had been worked on during the approximately five years of Young's ownership.
The testimony of Young and his mechanic was "negative" testimony which has no probative value.[1] It was not positive evidence that they had not repaired the brakes and did not create an issue of fact on the question of repairs by appellee.
Nevertheless, appellant says that even if appellee did not inspect the brakes, he had a duty to inspect them before selling the car, and since he concedes that he did not inspect the brakes, he breached this duty and is thus responsible for the resultant damages caused by virtue of the brake failure.
Plaintiff submitted an affidavit of an accident reconstruction expert in which the expert testified that he had torn the brake system down after the accident and discovered that in an earlier repair to the brakes an O-ring had been improperly installed in a wheel cylinder, thereby permitting brake fluid to leak and eventually causing the brakes to fail for lack of fluid. The record also shows that plaintiff had driven the auto briefly before purchasing it and for eleven days after purchasing it without noticing any brake problem prior to the actual failure. This evidence leads to the inescapable conclusion that the defect in the brake system was latent[2] and could not have been discovered by appellee unless he tore the brake system apart as did the expert witness.
Whatever may be the duty of a used car dealer to inspect a vehicle prior to sale for defects which could or might be discovered by reasonable and customary inspection, a point not before us and therefore one which we do not decide, we are not aware of any duty on such dealer to discover *434 latent defects which by their very nature could not be discovered by a reasonable and customary inspection. The summary judgment was properly entered on the negligence count.
II. BREACH OF WARRANTY. It is undisputed that the sales agreement between the parties stated that the vehicle was purchased "as is." Appellee relies on section 672.2-316(3)(a), Florida Statutes (1979), which says:
Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty.
Appellant recognizes the statute, but says that an issue of fact exists as to the elimination of the warranties under Knipp v. Weinbaum, 351 So.2d 1081 (Fla.3d DCA 1977). In that case, the court held that the disclaimer of implied warranties, to be effective, had to be part of the basis of the bargain between the parties and that there was conflicting evidence in the record as to the intended meaning of the disclaimer. Here there is no conflict because appellant offered nothing to the trial court to challenge the effectiveness or meaning of this provision. The record thus shows the disclaimer in the sales agreement and nothing else. Without more, we are constrained to give the intended effect to the disclaimer as required by the statute, because there is nothing in the record to create an issue of fact that "the circumstances indicate otherwise."[3] The trial court was correct in granting a summary judgment on Count II.
III. STRICT LIABILITY IN TORT. Appellant asks the court to extend the doctrine of West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976), to the seller of used goods. We see no basis for such extension. In West, the court said:
Strict liability does not make the manufacturer or seller an insurer. Strict liability means negligence as a matter of law or negligence per se, the effect of which is to remove the burden from the user of proving specific acts of negligence.
Id. at 90.
Imposing liability on the seller of used or second hand goods for latent defects for which he is not responsible and which he could not discover by the exercise of reasonable care would make such dealer a virtual insurer against every kind of defect. See Fuquay v. Revels Motors, Inc., 389 So.2d 1238 (Fla. 1st DCA 1980). The trial court was correct in granting the summary judgment on Count III.
Finding no error, the judgment below is
AFFIRMED.
SHARP and COWART, JJ., concur.
NOTES
[1] See, e.g., Seaboard Air Line Railway Company v. Myrick, 91 Fla. 918, 109 So. 193 (1926); Seaboard Coastline Railroad Company v. Welfare, 350 So.2d 476 (Fla. 1st DCA 1977).
[2] Latent defect. A hidden or concealed defect. One which could not be discovered by reasonable and customary inspection. Black's Law Dictionary, (5th ed. 1979).
[3] Cf. McNamara Pontiac, Inc. v. Sanchez, 388 So.2d 620 (Fla. 5th DCA 1980), where there was an issue of fact as to the intention of the parties as to the meaning of the "as is" provision.