Rufus ALLEN, d/b/a A & B Motors, Appellant,

v.

Bill PARSONS, Appellee.

No. 8475.

Court of Civil Appeals of Texas, Texarkana.

Aug. 16, 1977.

Rehearing Denied Sept. 13, 1977.

Donald B. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellant.

James B. Cranford, Jr., Smith, Stroud, McClerkin, Conway & Dunn, Texarkana, Ark., for appellee.

CORNELIUS, Justice.

1.  Tex.Bus. & Comm.Code Ann. § 17.41, et seq. (Supp.1976–1977).

2.  § 17.46 . . .

    (b) The term "false, misleading, or *deceptive acts* or practices" *includes, but is not limited to,* the following acts:

    .       .       .       .       .

    (7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

    .       .       .       .       .

    (13) knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service;

    .       .       .       .       .

    § 17.50 . . .
    (a) A consumer may maintain an action if he has been adversely affected by any of the following:
    (1) the use or employment by any person of an act or practice declared to be unlawful by Section 17.46 of this subchapter;
    (2) *a failure* by any person *to comply with an express* or implied *warranty*;

    .       .       .       .       .

    (b) In a suit filed under this section, each consumer who prevails may obtain:
    (1) three times the amount of actual damages plus court costs and attorneys' fees reasonable   .   .   .

    .       .       .       .       .

Appellee brought this action against appellant under the Texas Consumer Protection Act[1] to recover damages arising from a deceptive trade practice and a breach of warranty allegedly committed by appellant in the sale of a used pickup truck. Appellee alleged that appellant made false and misleading statements as to the quality, standard or grade of such vehicle and that he failed to comply with certain warranties concerning the vehicle, thereby entitling appellee to treble damages pursuant to the applicable statutory provisions. Section 17.46(b)(7)(13) and 17.50 of the Consumer Protection Act (Supp.1976–1977) and Sections 2.313, 2.314 and 2.315 of the Texas Business and Commerce Code were specifically cited as authorizing a recovery.[2]

Trial was to the court without the aid of a jury. The evidence revealed that appellant acquired the used pickup truck by trade, and on the same day appellee inquired about purchasing it. Appellant disclaimed any knowledge as to the condition

§ 2.313 . . .
(a) Express warranties by the seller are created as follows:
(1) *Any* affirmation of fact or *promise made by the seller* to the buyer *which relates to the goods* and *becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the* affirmation or *promise.*

.       .       .       .       .

§ 2.314 . . .
(a) Unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.
(b) Goods to be merchantable must be at least such as

.       .       .       .       .

(3) are fit for the ordinary purposes for which such goods are used;

.       .       .       .       .

§ 2.315 . . .
Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified unde' the next section an *implied warranty that the goods shall be fit for* such purpose.

or quality of the truck but agreed to sell it to appellee for $250.00. Appellee stated that he could not use the truck unless it had a valid inspection sticker affixed to it. Appellant then agreed that if appellee would do the necessary work to enable the vehicle to pass inspection, he would place a valid Texas inspection sticker on it. On that basis the sale was made. Appellee paid $100.00 down and agreed to pay the balance at $15.00 per week. Appellee took possession of the truck, had some minor work done on the lights and windshield wipers so that it would pass inspection, and brought it to appellant several times for the inspection sticker, but the sticker was not affixed. Some two weeks passed, and as appellee had not made the agreed weekly payments, appellant repossessed the truck. After repossessing it, appellant affixed an inspection sticker to the truck and resold it to another person. The evidence was conflicting as to why the inspection sticker was not affixed while appellee had possession of the truck. Appellant testified that he told appellee that he would have to bring the truck to his place of business after 5:00 o'clock in the afternoon for the inspection sticker because that was the only time he would have a man at his shop who could affix the sticker, and that appellee did not bring the truck to his shop at the correct time. Appellee's evidence was to the effect that no mention was made of any time to bring the truck to appellant's place of business and that appellant simply refused to comply with his agreement. It was further revealed that near appellant's place of business there was another shop where an inspection sticker could have been conveniently obtained.

The trial court found, inter alia, that appellant agreed to place a valid inspection sticker on the truck; the truck was taken to appellant several times for the sticker; no special condition was agreed upon as to the time or place of inspection; appellant made misrepresentations to appellee relative to the agreement to place an inspection sticker upon the truck; and appellant refused to have the sticker affixed even though adequate facilities were available for him to do

so. Based upon those and other findings, the trial court rendered judgment for appellee for the sum of $300.00 (the $100.00 down payment trebled), together with costs and attorney's fees. Appellant's principal contention is that there is no evidence in the record to support the trial court's judgment on the grounds specified.

Section 17.50 of the Consumer Protection Act makes it clear that when an express or implied warranty is made in connection with the sale of goods and the person making such warranty fails to comply therewith, a recovery of treble damages, costs and attorney's fees is authorized. Section 2.313 of the Texas Business and Commerce Code provides that "Any . . . promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the . . . promise."

The questions for determination then, are: (1) Did the agreement of appellant to place a valid inspection sticker on the truck constitute an express warranty under Section 2.313 of the Texas Business and Commerce Code, and (2) if so, was there evidence that appellant breached that warranty?

In its usual context, an agreement to perform certain acts in the future would not constitute a warranty of goods, but a simple contract. In the instant case, however, the truck could not be lawfully driven upon the highways unless and until it had a valid inspection sticker affixed to it. It was undisputed that appellee needed the truck for use on the highways and purchased it for that express purpose. The placing of the sticker on the truck therefore became essential to its usability. It seems to us that the promise to place the sticker on the truck falls in the same category as a promise, made as a part of the sale bargain, to repair a vehicle or to place a part or an accessory on a vehicle. In either case, compliance with the promise is essential to make the vehicle reasonably usable, or to bring it to or maintain it at the standard or

grade which the seller represents it will meet. We hold that the agreement to place an inspection sticker on the truck related to the goods, was a part of the basis of the bargain, and constituted an express warranty under Sec. 2.313.

 Concerning a breach of the warranty, the evidence shows that appellant eventually placed a valid inspection sticker on the truck, but the act was done only after appellant had repossessed the truck from appellee and had agreed to sell it to another purchaser. The sticker was not affixed at any time while appellee had the ownership, possession or use of the truck, although the trial court found that appellant had both the opportunity and the obligation to do so during that time. Placing the sticker on the truck after appellee had lost the right and opportunity to use the vehicle certainly did not constitute compliance with appellant's agreement as found by the trial court. Consequently, the finding that appellant failed and refused to comply with the warranty is supported by evidence.

It is also contended that appellee's pleadings were insufficient to authorize the court's judgment. Appellee pleaded generally that appellant made certain "representations and warranties" which were breached, and that he was entitled to treble damages and attorney's fees under Section 17.50 of the Deceptive Trade Practice Act and Section 2.313 of the Texas Business and Commerce Code. Although the specific warranty relied upon was not pleaded, appellant filed no exception to the pleading as required by Tex.R.Civ.P. 90 and 91 in such cases. The lack of specificity was therefore waived, and under the circumstances the pleadings were sufficient to authorize the judgment. 2 McDonalds, Texas Civil Practice, Sec. 7.17, p. 203, Sec. 2.21, p. 212.

As appellee established the alleged breach of warranty, he was entitled under Section 17.50(a)(2) and (b)(1) to a recovery of treble damages, costs and attorney's fees. It is undisputed that appellee paid $100.00 on the truck and that no restitution had been made. Judgment for $300.00 was thus authorized. See *Crawford Chevrolet Co. v.*

*McLarty,* 519 S.W.2d 656 (Tex.Civ.App. Amarillo 1975, no writ). The parties stipulated that the trial court could set reasonable attorney's fees, if they were lawfully recoverable. No complaint has been made of the amount set by the court.

Appellant's other points of error have been considered and are overruled. The judgment of the trial court is affirmed.