**VALLEY DATSUN, Appellant,**

v.

**Jose MARTINEZ, Appellee.**

**No. 1427.**

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 22, 1979.

Thomas G. Sharpe, Jr., Brownsville, for appellant.

Randall P. Crane, San Benito, for appellee.

## OPINION

BISSETT, Justice.

This is a suit for damages flowing from the alleged failure of a newly purchased used automobile to function properly. In July of 1977, Jose Martinez, hereinafter referred to as "plaintiff," purchased a 1971 Volkswagen camper from Valley Datsun, Inc.; hereinafter referred to as "defendant." Some two days after it was picked up from the defendant's lot, the camper sustained a burned-out clutch and thrown rod. Thereafter, plaintiff brought suit against defendant to recover damages.

Trial was to a jury which found favorably to the plaintiff in response to special issues. Judgment was rendered for plaintiff in the amount of $4,300, $1,800 of which represented a trebling of the jury's finding that the reasonable repair cost was $600, and $2,500 of which represented the jury's finding of reasonable attorney's fees. Defendant has appealed.

In general, plaintiff accused defendant of misrepresenting the quality of the camper at the time of the sale. Defendant responded with a general denial, allegations of misuse and failure to mitigate damages, and an allegation of an "as is" sale of the camper to plaintiff.

Three points of error are brought forward. In point 1, it is contended that the trial court erred in awarding treble damages and attorney's fees to plaintiff "since there was no finding that any of the conduct of appellant constituted a deceptive trade practice." In point 2, it is asserted that the trial court erred in submitting special issues 1 through 8 because there were no pleadings to support such issues. In point 3, it is claimed that the trial court erred in submitting special issues 1 through 8 because there was no evidence offered which would support the submission of those issues. We first consider points 2 and 3.

■ Fourteen (14) special issues were submitted to the jury. It was found: defendant represented to plaintiff at the time of purchase that the vehicle was in "good mechanical condition" (No. 1); that such representation was untrue (No. 2); that such representation was a producing cause of an adverse effect on plaintiff (No. 3); that defendant sold the vehicle "as being suitable for driving under normal conditions" (No. 4); that the vehicle "was not suitable for driving under normal conditions" at the time of the sale in question (No. 5); that such failure was a producing cause of an adverse effect on plaintiff (No. 6); that defendant's action "at the time of the sale took advantage of plaintiff's lack of knowledge, ability, experience or capacity" as to be grossly unfair (No. 7); that such conduct was a producing cause of an adverse effect on plaintiff (No. 8); that $2,500.00 would be reasonable attorney's fees (No. 9); that it would cost $600.00 to properly repair the vehicle (No. 10); that by the use of the term "as is" in the sales contract the parties were referring only to "the upholstery, muffler, trim and inspection sticker" (No. 14); that the manner in which plaintiff drove the vehicle after it was delivered to him did not constitute a misuse of the vehicle (No. 11). Special issues numbers 12 and 13 were not answered by the jury. Special issues numbers 1 through 8 and number 14 were submitted over defendant's objections.

In view of the challenge made by point 2, we deem it necessary to set out in full the factual allegations made by plaintiff in his trial petition. They are found in Sections I, II, III, IV and V of the petition.[1]

---

1.         "II

On or about July 27, 1977, Plaintiff purchased a 1971 Volkswagen Camper from Defendant paying therefore the sum of $2,190.00. Prior to purchasing the vehicle, Plaintiff was told by a salesman working for Defendant, that the vehicle in question was in good mechanical condition, that the engine had recently been refitted with new heads. When the salesman was questioned by Plaintiff concerning unusual 'engine noises' Plaintiff was told that this was the normal sound for a volkswagen. The salesman assured Plaintiff that the car was in sound mechanical condition. Plaintiff took possession of the volkswagen on July 28, 1977. On July 29, 1977, after driving the auto in question

Plaintiff's pleadings do not warrant the submission of special issues 4, 5 and 6; however, his pleadings do warrant the submission of special issues 1, 2, 3, 7 and 8. The pleadings alleged facts which advised defendant of the occurrences upon which plaintiff's action was based and gave defendant ample notice of the theory, or theories, of recovery asserted by plaintiff. We sustain point 2 with respect to the submission of special issues 4, 5 and 6, but overruled the point with respect to special issues 1, 2, 3, 7 and 8.

We now turn to point 3 wherein defendant complains that special issues 1 through 8 should not have been submitted on the ground of "no evidence." In addressing point 3, we consider only the evidence and the inferences which support the submission of the issues, and reject the evidence and the inferences which are contrary thereto. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965).

Tex.Bus. & Comm.Code § 17.50(a)(3) (Supp. 1978–1979) provides that "a consumer may maintain an action if he has been adversely affected by . . . any unconscionable action . . . by any person." Section 17.45(5)(A) of the Code defines "unconscionable action" as "an act or practice which, to a person's detriment . . . takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree . . . ."

There was evidence that plaintiff lacked knowledge, ability and experience with respect to the workings of an automobile's clutch assembly, and for that matter, automobile engines in general. We can find no evidence, however, that defendant took advantage of the situation to a grossly unfair degree. First, while it can be argued that the deal may have been unfair to plaintiff, we find no evidence that it was "grossly" unfair. Second, and more importantly, we find no evidence of a wrongful intent to take advantage of plaintiff. *Singleton v. Pennington*, 568 S.W.2d 367, 382 (Tex.Civ. App.—Dallas 1978, no writ). Plaintiff was

less than 150 miles, the car began losing power and shortly thereafter a loud noise was heard and smoke began pouring from the engine compartment. Plaintiff immediately informed Defendant of the mechanical difficulties experienced. Thereafter, Defendant was notified in writing, 30 days prior to filing this cause of action, that Plaintiff demanded his purchase money returned or in the alternative demanded that Defendant put the vehicle in question in good mechanical condition. Defendant, however, refused and has since continued to refuse to either repair the vehicle or to refund the Plaintiff's payment therefore after having been given a reasonable opportunity to do the same all to Plaintiff's damage.

III

As a direct result of Defendant's failure to abide by its expressed warranty that the car was in good mechanical condition; as a direct result of Defendant's failure to abide by its implied warranty that the vehicle sold to Plaintiff was suitable for driving under normal conditions; and, as a direct result of the Defendant's unconscionable actions which took advantage of Plaintiff's lack of knowledge, ability and experience with volkswagen automobiles to sell to Plaintiff a vehicle worth far less than the amount charged, Plaintiff has suffered damages in the amount of $2,190.00 which represents the purchase price of the vehicle in question.

IV

In the alternative, without waiving any of the above and foregoing, should the above be an incorrect measure of the damages sustained by Plaintiff, Plaintiff would show that the difference between the reasonable market value of the vehicle sold to Plaintiff and the amount paid is the sum of $1,500.00. Plaintiff maintains this cause of action under the Deceptive Trade Practice-Consumer Protection Act, Article 17.50(a), Business and Commerce Code, Texas Revised Civil Statutes and prays that he be awarded three (3) times his actual damages of $1,500.00 for a total of $4,500.00 plus attorney's fees reasonable in relation to the amount of work expended all as provided in Article 17.50(b)(1) of said Act.

V

Again in the alternative, without waiving any of the above and foregoing, should both the above be incorrect measures of damages sustained by Plaintiff, Plaintiff would show that the cost of repairing the volkswagen engine sold to him will be the sum of $750.00. Plaintiff maintains his cause of action under the Deceptive Trade Practice-Consumer Protection Act, Article 17.50(a)(2), Business and Commerce Code, Texas Revised Statutes and prays that he be awarded three (3) times his actual damages of $750.00 for a total of $2,250.00 plus attorneys fees reasonable in relation to the amount of work expended all as provided in Article 17.50(b)(1) of said Act."

not affected by an unconscionable action by defendant. Point 3 with respect to issues 7 and 8 is sustained. Although we have already held that points 4, 5 and 6 are not supported by pleadings, we further hold that they are not supported by any evidence. Therefore, the point as to those issues is sustained.

■ Special issues 1, 2 and 3 basically presented the question of whether plaintiff was adversely affected by the representation made by defendant's salesman that the camper, at the time of purchase, was in good mechanical condition, as found by the jury. Both plaintiff and his wife testified that the salesman stated to them that the vehicle in question was "in excellent condition." Plaintiff further testified that after he drove the vehicle for a short distance, he asked the salesman "about a noise that I thought I heard in the engine . . . a knocking or slapping noise," and that the salesman told him "that was just a typical Volkswagen noise," and that the engine noise "was probably the muffler." The salesman based his representation on the fact that he had driven the camper "about three miles"; he assumed that plaintiff relied on his representation." It was undisputed that after only 120 miles of driving by plaintiff, the camper sustained a burned-out clutch and thrown rod, which occurred only two days after the camper was picked up from the defendant's lot. A Volkswagen mechanic testified that the camper's clutch burned up because of overheating due to slippage. He further testified that slippage could have been caused by any number of things, only *one of which could have been attributable to plaintiff himself.* According to the mechanic, slippage could be attributable to the driver "riding the clutch." Both plaintiff and his wife, however, testified that they did not "ride the clutch." Moreover, an issue submitted to the jury concerning misuse of the camper by the plaintiff was answered in the negative. Defendant does not attack that finding in this appeal. We, therefore, regard it as a fact issue in the case whether the camper's clutch overheated because of slippage due to some defect or condition of the clutch assembly itself. Moreover, the finding by the jury that it would cost $600.00 to repair the camper shows that plaintiff was adversely affected by the representation made by defendant's salesman. There was sufficient evidence to support the submission of special issues 1, 2 and 3. Point 3 with respect to the contention that special issues 1, 2 and 3 should not have been submitted because of "no evidence" is overruled.

We next consider point 1. The issue to be decided is whether the jury's answers to special issues 1, 2 and 3 authorized the rendering of a judgment against defendant for treble damages and attorney's fees under the provisions of the Texas Deceptive Trade Practices Act.

■ Tex.Bus. & Comm.Code § 17.-50(a)(2), in pertinent part, reads:

"(a) A consumer may maintain an action if he has been adversely affected by

. . .

(2) breach of an express or implied warranty."

One of plaintiff's theories for a recovery under the Act is predicated upon an implied warranty of merchantability. Tex.Bus. & Comm.Code, § 2.314 (1968). The implied warranty of merchantability, however, does not attach to the sale of used goods where the purchaser knows they are used. *Chaq Oil Company v. Gardner Machinery Corporation,* 500 S.W.2d 877 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). Because plaintiff's lawsuit clearly involved the purchase of a used car, his pleadings expressly negated any cause of action based upon the implied warranty of merchantability. Therefore, he cannot recover under his theory that there has been a breach of an implied warranty of merchantability. The problem remaining is to determine whether or not there has been a breach of an express warranty.

Tex.Bus. & Comm.Code § 2.313 (1968) provides:

"(a) Express warranties by the seller are created as follows:

(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(b) It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty."

■■■ The test of whether a salesman's statement constituted "affirmations of fact" going to the very "basis of the bargain" is whether the salesman was asserting a fact of which the buyer was ignorant, or whether he was merely declaring his belief with reference to a matter of which he had no special knowledge and of which the buyer may also have been expected to have an opinion. *United States Pipe & Foundry Co. v. City of Waco*, 130 Tex. 129, 108 S.W.2d 432 (1937); *General Supply and Equipment Company, Inc. v. Phillips*, 490 S.W.2d 913 (Tex.Civ.App.—Tyler 1972, writ ref'd n. r. e.). Here, the salesman, when he told plaintiff that the camper was in "excellent condition," was obviously asserting a fact of which plaintiff was ignorant. Under the circumstances existing, this statement was more than mere "dealer's talk" because knowledge of the seller, in conjunction with the buyer's relative ignorance, operates to make the slightest divergence from mere praise into representations of

fact, which become effective as a warranty. *United States Pipe*, supra. The statement constituted an express oral warranty.

■■■ The jury found that the defendant's representation (through its salesman), was untrue, which was tantamount to a finding that the express warranty was breached. This is because a breach of an express warranty is essentially the failure of a product to comply with a definite warranty established by competent evidence. *Elanco Products Company v. Akin-Tunnell*, 474 S.W.2d 789 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.).

■■■ Defendant, in point 1, challenges its liability only, and no complaint is registered as to the measure of damages. The record shows that the camper was not repaired at the time of the trial and the $600.00 for the costs of repair, as found by the jury, is amply supported by the evidence. Ordinarily, in a breach of warranty case, either expressed or implied, the measure of damages in the sale of equipment is not the cost of repair, but the difference in market value of the condition in which it was delivered and its market value in the condition which it should have been delivered according to the contract of the parties. *Davis Bumper To Bumper, Inc. v. American Petrofina Co.*, 420 S.W.2d 145 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.); *Texas Construction Rentals, Inc. v. Harrison*, 410 S.W.2d 482 (Tex.Civ.App.— Waco 1966, writ ref'd n. r. e.); *Lawler v. Aramco, Inc.*, 447 S.W.2d 189 (Tex.Civ.App. —Houston [1st Dist.] 1969, writ ref'd n. r. e.); *Neuman v. Spector Wrecking & Salvage Co., Inc.*, 490 S.W.2d 875 (Tex.Civ.App. —Beaumont 1973, no writ); *Chaq Oil Co. v. Gardner Machinery Corporation*, supra. In this case defendant does not contend by a point of error that the court erred because the wrong measure of damages was submitted to the jury or that the judgment was based upon the application of the wrong measure of damages. Point 1, when viewed in its entirety, cannot be extended to include a contention that the judgment is based on a wrong measure of damages. Therefore in the absence of such a point, we

must enforce the judgment since no other reason is shown why it should be disturbed.

Under the record here presented, the defendant's breach of an express warranty made it mandatory that the trial court treble the actual damages awarded by the jury and award attorney's fees to plaintiff. *Woods v. Littleton*, 554 S.W.2d 662 (Tex. Sup.1977); *Allen v. Parsons*, 555 S.W.2d 522 (Tex.Civ.App.—Texarkana 1977, writ dism'd). Point 1 is overruled.

AFFIRMED.