**Billie Jo RINEHART, Appellant,**

v.

**SONITROL OF DALLAS, INC., Appellee.**

**No. 20465.**

Court of Civil Appeals of Texas, Dallas.

May 6, 1981.

Rehearing Denied June 30, 1981.

J. Harvey Lewis, J. Harvey Lewis & Associates, Dallas, for appellant.

Forrest R. Carlton, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

GUITTARD, Chief Justice.

This suit was brought for breach of an express warranty of a burglary alarm system. The trial court denied recovery of treble damages under the Deceptive Trade Practices Act, § 17.50, 1977 Tex.Gen.Laws, ch. 216, § 5 at 603, but awarded plaintiff $5,000, the maximum damages provided by the warranty. Plaintiff appeals, contending that she is entitled to three times the actual damages proved. We hold that although the contract is effective to limit the amount of actual damages recoverable under the contract, defendant is liable for treble damages under the Act because of his failure to pay the damages when demanded. Consequently, we reform and affirm the judgment for plaintiff for $15,000.

The facts are not in dispute. Plaintiff's husband Charles Rinehart, now deceased, made a contract with defendant Sonitrol for installation of a burglary alarm system. The contract included a provision designated "performance warranty," which provides as follows:

1. Sonitrol *warrants*, after its security devices have been installed and in operation in client's building for seven (7) continuous days, that the Sonitrol Security System will be free from defects in material and workmanship . . .

2. Sonitrol *guarantees* that after the initial period any security device which is

monitored by a central station *will detect and the central station will report to the proper authority any forcible entry or attempt thereat into the protected areas of client's building,* provided that the security device is properly activated by the client and operated in accordance with the instructions given.

3. If for any reason forcible entry is made, undetected or unreported by Sonitrol to the interior of the client's building actually protected by the Sonitrol Security System during the time the security device is in operation and the building is not open for business, Sonitrol shall, at its option, pay in money for, replace or repair, any loss or damage to the client's merchandise, furniture, fixtures or equipment *caused by forcible entry.* Sonitrol shall also be contractually liable for property held in bailment by the client in the covered premises.

4. Sonitrol's total maximum contractual liability on the client's protected building shall not exceed $5,000.00 . . . [Emphasis added.]

More than seven days after installation of the system, burglars broke into the building and removed property having a stipulated value of $10,000. They also stole an automobile held by Rinehart as bailee having a stipulated value of $4,028. The forcible entry was not detected by Sonitrol and was not reported to the authorities. Therefore, breach of the warranty is admitted. After the loss, Sonitrol referred plaintiff's manager to a claim adjuster, and plaintiff filed a claim for $11,249.21, which was denied. This suit followed.

The primary question on this appeal is whether the contract provisions above quoted constitute a "warranty" under the Deceptive Trade Practices Act. Plaintiff contends that since the parties themselves designated the quoted language a "performance warranty," it must be considered an "express warranty" within section 17.-50(a)(2). Sonitrol contends that the con-

tract does not warrant or "guarantee" that no burglary will go undetected, but only provides that if an unauthorized forcible entry is made, Sonitrol will pay for, replace, or repair any loss caused by such forcible entry up to $5,000. This contract, argues Sonitrol, is not a warranty of the system, but rather a contract to indemnify or insure against certain losses.[1] Sonitrol cites cases holding that breach of a contract of insurance by failure to pay the amount of a loss is not a deceptive trade practice within the Act. Sonitrol points out that it is required to provide indemnity up to $5,000 for any loss caused by forcible entry even though the system operates perfectly and the authorities are promptly notified.

■ We must construe the Deceptive Trade Practices Act liberally in order to promote its underlying purpose to protect consumers against deceptive trade practices and breaches of warranty. Tex. Bus. & Com. Code Ann. § 17.44 (Vernon Supp. 1980–81); *see Singleton v. Pennington,* 606 S.W.2d 682 (Tex.1980). The Act contains no definition of the term "warranty." The parties evidently understood the provisions in question to constitute a warranty, since they characterized them as a "performance warranty." For a legal definition, however, we look to Tex. Bus. & Com. Code Ann. § 2.313 (Vernon 1968). *See e.g., Valley Datsun v. Martinez,* 578 S.W.2d 485, 489 (Tex.Civ.App.-Corpus Christi 1979, no writ). This section provides in pertinent part as follows:

(a) Express warranties by the seller are created as follows:

(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

■ The contract in question contains an express promise that the system will operate in a certain manner. The second paragraph of the "performance warranty"

1. In this respect we note that the contract provides: "It is agreed by and between the parties hereto that Sonitrol is not an insurer, that in-surance, if any, shall be obtained by the Client . . . ."

"guarantees" that after a certain period the system "will detect and the central station will report to the proper authorities, any forcible entry or attempt thereat into the protected area of the client's building." We hold that this provision is a warranty within section 2.313 of the Code because it is a promise which relates to the system and is made the basis of the bargain. Therefore, it is also a warranty within section 17.-50(a)(2) of the Deceptive Trade Practices Act.

We need not consider whether there would be a "breach of warranty" under the Act if the only basis for liability were the indemnity provision in paragraph 3 of the "performance warranty." Here there was an admitted failure of the system to operate as "guaranteed" in paragraph two and, therefore, a breach of warranty within section 17.50(a)(2).

■ Plaintiff also complains of the trial court's limitation of Sonitrol's liability to $5,000 on the ground that Sonitrol cannot repudiate its liability on the warranty and, at the same time, insist on the limitation of $5,000 provided in paragraph four of the warranty. Consequently, plaintiff insists, she is entitled to recover three times the full stipulated damages of $10,000 and also the $4,028 stipulated to be the amount of damages for loss of the bailed automobile. (No claim for treble damages is made with respect to the automobile because plaintiff gave Sonitrol no written notice of her complaint in regard to the automobile before filing suit, as required by section 17.50A(2) of the Act. 1977 Tex.Gen.Laws, ch. 216, § 6 at 604.) In support of this argument she cites *Adams v. J. I. Case Co.*, 125 Ill.App.2d 388, 261 N.E.2d 1 (1970). We do not regard that decision as persuasive. In that case the warrantors of a trailer were held liable beyond the time specified in an express warranty of repairs because of unreasonable delay in complying with their warranty. The court said that the warrantors could not at once repudiate their obligations under the warranty and assert its provisions beneficial to them. *Id.*, 261 N.E.2d at 8. However, the recovery in that case was not

allowed under the provisions of the express warranty, but was based on an implied warranty under the Uniform Commercial Code. In this case the only basis for plaintiff's recovery is the express warranty in question. Consequently, an analogous principle applies, but binds plaintiff rather than defendant. Since plaintiff has limited her claim to one for breach of the express warranty, she cannot assert the benefits of that warranty and repudiate its limitation to $5,000 actual damages.

■ This limitation, however, does not apply to the penalties provided by the Deceptive Trade Practices Act because section 17.42 of the Act provides that any waiver by a consumer of the provision of the Act is contrary to public policy and unenforceable. By its terms, the limitation in paragraph 4 applies only to "Sonitrol's maximum contractual liability." We hold that this provision is effective to limit Sonitrol's "contractual liability" to $5,000, but that the treble damage penalty provided by section 17.-50(b)(1), 1973 Tex.Gen.Laws, ch. 143, § 1 at 327, is not a "contractual liability" to which the limitation applies. Therefore, paragraph four limits Sonitrol's contractual liability for actual damages to $5,000, but section 17.50(b) authorizes recovery of treble damages so that the proper amount of the judgment is $15,000.

This application of the Act does not have the effect of increasing Sonitrol's contractual liability above that provided in the contract. Under section 17.50A as it stood before the 1979 amendment, Sonitrol had the opportunity to avoid the treble damage penalty by tendering to plaintiff within thirty days after receiving written notice of the claim the amount of damages for which it was liable, together with a reasonable attorney's fee, but there is no proof here of such a tender. Thus recovery of treble damages is not an extension of Sonitrol's contractual liability, but rather a penalty imposed by the Act for failure to perform promptly its obligation under the warranty.

Finally, plaintiff contends that Sonitrol is liable for $4,028 for the bailed automobile in addition to the $5,000 actual damages for

which it is liable under paragraph four of the "performance warranty." She points out that paragraph three imposes liability not only for loss of "client's merchandise, furniture, fixtures caused by the forcible entry," but also "for property held in bailment by the client in the covered premises."

■ The quoted language does not, in our opinion, provide unlimited liability for bailed property while leaving liability for the client's own property subject to the $5,000 limitation in paragraph four. That limitation applies to "Sonitrol's total maximum contractual liability on the client's protected building;" that is, to all property within the building for the loss of which Sonitrol is liable. Consequently, the trial court correctly held that Sonitrol's total liability under the contract is $5,000.

The judgment of the trial court is reformed by increasing the amount of plaintiff's recovery from $5,000 to $15,000. Otherwise, the judgment is affirmed. Costs are taxed against Sonitrol.

Reformed and affirmed.