OPINION OF THE COURT
Edwin S. Shapiro, J.
Plaintiff purchased a used 1976 Chevrolet van from defendant for the sum of $1,700 and sues for $1,450 in alleged damages arising out of a defective engine.
With the consent of defendant’s counsel, a small claims trial was held on the adjourned date without the presence of defendant. The evidence established that at the time of the sale the vehicle’s cylinder head was cracked in five places. The vehicle was unregistered and could not be lawfully road tested by a competent mechanic. Plaintiff’s friend, a “backyard mechanic” checked out the engine by starting it up on defendant’s premises on two or three occasions. Plaintiff did not fully rely upon his friend’s examination of the engine, for on at least two occasions plaintiff sought defendant’s assurance as to the condition of the engine, and both times defendant assured plaintiff that “the engine runs good.”
Because defendant was not a dealer, or shown to be a mechanic, the court cannot construe either an implied warranty of merchantability under section 2-314 of the Uniform Commercial Code or an implied warranty of fitness for a particular purpose under section 2-315 of the Uniform Commercial Code. However, the court construes seller’s assurances that “the engine runs good” as a repre *373 sentation that the engine was “not cracked”. The court further concludes that: (1) plaintiff reasonably relied upon this representation as “part of the basis of the bargain”; (2) there was no applicable written disclaimer which was necessarily inconsistent therewith; and (3) consequently, seller’s oral representation was also an express warranty under section 2-313 of the Uniform Commercial Code, at least to the extent that the engine was “not cracked”.
Under the circumstances and on the basis of the law and the facts, plaintiff is entitled to judgment in the sum of $540.70.