JONES, APPELLEE, *v.* KELLNER ET AL., APPELLANTS.

(No. 44780—Decided December 9, 1982.)

*Mr. Marc Schwartzman,* for appellee.
*Mr. Gary H. Levine,* for appellants.

CORRIGAN, J. The appellants, Rick Kellner et al., appeal from the judgment for the appellee in this case, tried to the judge. Since no transcript was filed, the following facts are taken from "Findings of Fact" entered by the trial court.

In December 1980, the appellants placed the following advertisement in the Plain Dealer in an attempt to sell their car:

"Chevy '74 Malibu, One Owner, Clean, New Tires, Defogger, Mechanically A-1, $700.00, negotiable, 461-7253."

After reading the advertisement the appellee, Rudolph Jones, contacted the appellants and arranged to see the car at the appellants' home on December 17, 1980. At that time the appellee took the car for a test drive and the appellant oral-ly represented that the car was in "A-1" condition mechanically. The appellee put a deposit down on the car and agreed to pay a purchase price of $600.

Sometime during the first week of January the appellee paid the balance of the purchase price and took possession of the car. On the way home the car stalled and he had to have it towed. The appellee notified the appellants that the car was not running and tendered return of the automobile. The appellants refused to take the car back and return the purchase price. On January 15, 1981, the appellee had a mechanical expert look at the car. The expert told the appellee that the cost of repair would exceed the value of the automobile. From that time until the time of trial the car was mechanically inoperable. The salvage value of the car was $35 at the time of trial.

The trial court, as the trier of fact, found that the appellants had made an express warranty that the car was mechanically in A-1 condition and that the appellee relied on this warranty when he bought the car. The court also found that this warranty was breached when the car did not even run long enough for the appellee to get it home. The court granted a judgment in favor of the appellee for the amount of the purchase price of the car minus the salvage price.

The appellants raise the following assignment of error:

"It is error for the court to have held that, as a matter of law, an express warranty was created by the newspaper advertisement by a private seller by the use of the words 'Mechanically A-1.' "

R.C. 1302.26 (UCC 2-313) provides:

"(A) Express warranties by the seller are created as follows:

"(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

"(2) Any description of the goods

which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

"(3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

"(B) It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty."

In *Schwartz* v. *Gross* (1952), 93 Ohio App. 445 [51 O.O. 190], paragraph one of the syllabus, the court stated:

"A positive statement of the quality of goods is an express warranty if the natural tendency of the statement is to induce a buyer to purchase the goods, and if the buyer purchases the goods in reliance thereon."

The court held that the trier of fact could reasonably find that a newspaper advertisement that a piano was in "good condition" created an express warranty.

In this case the trier of fact, after hearing all the evidence, found that the representations by the appellants that the car was mechanically in A-1 condition created an express warranty and that, although it was unclear how long this warranty would have lasted, it should have lasted at least long enough for the appellee to get the car home. The trier of fact found that the warranty was breached when the car stalled on the way to appellee's home and had to be towed. We cannot find that as a matter of law the findings of the trier of facts were erroneous.

*Judgment affirmed.*

PRYATEL, C.J., and JACKSON, J., concur.