## Karl S. Taylor v. Mr. and Mrs. Anthony Alfama

[481 A.2d 1059]

No. 83-284

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed August 10, 1984

*Karl S. Taylor*, pro se, Littleton, New Hampshire, Plaintiff-Appellee.

*Mr. and Mrs. Anthony Alfama*, pro se, Uxbridge, Massachusetts, Defendants-Appellants.

**Hill, J.** The defendants, Mr. and Mrs. Anthony Alfama, appeal a small claims court decision ordering them to pay the plaintiff $400 for expenses the plaintiff incurred in repairing an automobile the defendants sold him. The plaintiff, Karl Taylor, cross-appeals the amount of damages he was awarded. We af-

firm the decision of the small claims court as to liability, and remand as to the damages award.

In 1980, the plaintiff purchased a 1974 model Volkswagen automobile from the defendants. The defendant Mr. Alfama had advertised that the vehicle was in "mint" condition and had a "rebuilt" engine. However, within a short period of time after the sale, the plaintiff experienced repeated problems with the car's engine. Eventually, the plaintiff was forced to purchase another engine for the car.

The plaintiff sued the defendants in small claims court, arguing that the defendant Mr. Alfama had misrepresented the condition of the car. The plaintiff sought $648.75 in damages.

The court found that by using the words "mint condition" and "rebuilt engine" instead of selling the car "as is" the defendants created a warranty on the condition of the car. The court concluded that the car's failure to function properly constituted a breach of warranty. The court then awarded $400 to the plaintiff.

The defendants disagree with the court's findings and conclusion. After reviewing the transcript of the hearing, we conclude that the evidence supports the court's findings, and that the findings support the conclusion. The defendant Mr. Alfama admitted that he described the car as being in "mint condition" and having a "rebuilt engine." Under 9A V.S.A. § 2—313(1)(b), when a seller of goods makes a description of the goods which is part of the "basis of the bargain," the seller creates an express warranty that the goods will conform to the description. The plaintiff testified, and the court found, that the plaintiff relied on the defendant's representations about the condition of the car in deciding to buy it. Because the car failed to function as a car in "mint condition" with a "rebuilt engine" might be expected to perform, the court decided that the seller had breached his express warranty. We affirm the court's conclusion that the defendants are liable to the plaintiff for the expenses the plaintiff incurred in fixing the car's engine.

The plaintiff appeals the amount of damages awarded him. The plaintiff claimed he incurred $648.75 in damages. We note, however, that at the time this case was heard below, the maximum amount of damages that could be awarded by a small claims court was $500. See 12 V.S.A. § 5531(a) (amended 1984; new law sets $2000 limit. 12 V.S.A. § 5531(a)).

■ · The court awarded the plaintiff $400. However, the court did not explain how it arrived at this figure. The defendants claim that some of the items listed on the repair bills that the plaintiff submitted as evidence were routine maintenance repairs that were unrelated to the problems with the car's engine. In order to determine the amount the plaintiff should have been awarded, the trial court should have determined the cost of the repairs related directly to the engine problems. The record does not indicate, however, that the court made this determination. We are unable to determine, from the record on appeal, how the court arrived at the $400 figure and whether that figure is accurate. We therefore must remand the case for a reconsideration of the damage award.

*Affirmed as to liability; remanded for redetermination of damage award, damages not to exceed $500.*