OPINION OF THE COURT
Edwin S. Shapiro, J.
Plaintiff purchased a used 1976 Datsun 280 Z automobile from defendant for the sum of $1,300 and sues for $1,500 in damages arising out of a corroded frame which, about one month after the sale, caused an accident and became irreparably broken. After a trial before the court, the following facts were undisputed.
The vehicle was sold to plaintiff following an accident which caused front-end damage. That fact was fully disclosed. Plaintiff was invited by defendant’s agent, his daughter, Brenda, who was the de facto owner of the vehicle, to check out the condition of the car with the defendant’s mechanic, who was also Brenda’s mechanic. Because the car had been in an accident, plaintiff specifically asked the defendant’s mechanic about the condition of the frame. She was told that it was in *742 "good condition”. Plaintiff did not avail herself of an opportunity to have the car inspected by her own mechanic.
Plaintiff alleged fraud or concealment by seller and/or his agent based upon the following evidence:
Newspapers stuffed into the frame above the front wheels with a tar undercoating which concealed the paper and also the true condition of the frame; defendant’s mechanic’s assurance that the frame was in "good condition”, followed by defendant’s preparation of a bill of sale which contained an "as is” clause; defendant’s sale of the car to plaintiff only several months after it was purchased; two or three different reasons as to why defendant or Brenda was selling the car; Brenda’s prompt acquiescence to a $200 reduction from the offering price without further negotiation; defendant’s mechanic’s having created the concealed condition, or having had the opportunity of discovering it during a brake repair job and again later, after Brenda’s front-end accident just prior to the sale of the vehicle to plaintiff.
The date on the portion of the newspapers which were admitted into evidence preceded by several months the date upon which defendant acquired the vehicle. Defendant denied knowledge of the concealed condition, but did not dispute the worthlessness of the vehicle following the detachment of the steering mechanism from the frame a month after the sale as the result of corrosion.
On the basis of all the evidence, the court finds and concludes as follows:
The proof was insufficient to establish actual fraud. Although the evidence raises a suspicion of intentional concealment, that claim, as well, must fall for the reason that plaintiff has not sustained her burden of proof by clear and convincing evidence. Defendant relies upon his "as is” provision in the bill of sale as a disclaimer of any warranties. However, as to the effect of that disclaimer, plaintiff contrasts the defective water pump which had to be replaced the day following the sale with the concealed corroded condition of the vehicle’s frame.
Defendant’s daughter and his mechanic were his agents. Through his daughter, defendant invited plaintiff, a young woman who appeared to be barely 20, to rely upon the representation of his mechanic that the frame was in "good condition”. That representation was relied upon by plaintiff as part of the basis of the bargain. Although there were no implied warranties under UCC 2-314 or 2-315, for the reason *743 that the seller was not a dealer or a mechanic, this court finds and concludes that the oral representation of seller’s mechanic amounted to an express warranty under UCC 2-313, at least to the extent that the frame was in "good condition”. (Ekizian v Capurro, 111 Misc 2d 372.)
UCC 2-316 (1) provides in pertinent part: "Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other”. We find that in this case the written disclaimer was not necessarily inconsistent with the oral express warranty. Ekizian v Capurro (supra), decided by this court in 1981, appears to be directly in point.
Assuming, arguendo, that the express warranty imputed , to defendant as the result of the representation of his agent is "inconsistent” with the disclaimer, on the facts presented, including elements of haste, pressure and an inequality of bargaining power, this court nevertheless refuses to enforce the disclaimer as unconscionable on the authority of UCC 2-302. (Industralease Automated & Scientific Equip. Corp. v R.M.E. Enters., 58 AD2d 482.) As the result of the defect in issue an accident occurred and plaintiff was fortunate to escape serious personal injury. Therefore, we also hold the disclaimer of warranty invalid as against public policy. (See, Industralease Automated & Scientific Equip. Corp. v R.M.E. Enters., supra, and cases cited therein at p 489.)
The question of plaintiffs damages is a more difficult one. At the time of the mechanic’s representation as to the "good condition” of the frame, it had apparently not yet become detached from the steering mechanism. Hence, that distressing event, which occurred a month after the sale, was, at the time of the sale, a matter of conjecture about the future. Conceivably, the frame could have lasted for six months or a year. What, if anything, an inspection by plaintiffs mechanic might have shown, is also as a matter of conjecture. However, on the facts presented she may not expect a court to fully reward her for her misconception that the doctrine of "caveat emptor” is completely dead. Under all of the circumstances, plaintiff assumed some risk about the future condition of her purchase. On the facts before the court, and with a view toward effecting "substantial justice” between the parties, judgment is hereby awarded to plaintiff in the amount of $650 together with disbursements of $3.67.