## ROJAS v VITALE et al.

### Case No. 86-10163-(CL)-F

Fifteenth Judicial Circuit, Palm Beach County

July 15, 1988

### APPEARANCES OF COUNSEL

**Terrell K. Arline** for plaintiff.

**Robert D. Jones** for defendants.

### OPINION OF THE COURT

DANIEL T. K. HURLEY, Circuit Judge.

### *FINAL JUDGMENT*

THIS CAUSE was tried before the court in a bench trial. Terrell K. Arline, Esquire, represented the plaintiff. Robert D. Jones, Esquire, represented the defendants. Based upon the credible testimony and evidence presented, the court makes the following

## FINDINGS OF FACT

1. Plaintiff purchased a 1969 Mercedes automobile from the defendants so that his daughter would have transportation to and from Palm Beach Community College.

2. The Mercedes, while on display in the used car lot, had an "as is" sticker affixed to the windshield. The implications of this disclaimer, however, were not discussed at any time during the negotiations or sale. Rather, the salesman indicated that the car was a "good car," that it would provide "good transportation" and that it was in "good condition." The salesman further said that the car had only one minor problem, a leak in a carburetor hose which could be repaired at minimal expense. Plaintiff testified that he relied on these representations in reaching his decision to purchase the vehicle.

3. Plaintiff paid $2,100 for the vehicle. As he drove it home, it began to make noise and emit smoke. The motor stopped and the vehicle had to be pushed to a repair shop.

4. Inspection by a competent mechanic revealed that the radiator fan was missing, that the engine had frozen and was completely destroyed. Plaintiff's expert testified that the fan could not have fallen off. It appeared that someone had worked on the car and failed to replace the fan. Washers had been placed in the space where the fan should have gone. Thus, according to the expert, a layman would not have known that an essential piece of equipment was missing.

5. Plaintiff immediately requested that the defendants take the automobile back and repair it. They refused.

6. Depending on whether new or used parts are used, the cost of repair is between two and four thousand dollars.

From the foregoing, the court reaches the following

## CONCLUSIONS OF LAW

(1) The "as is" disclaimer, which ordinarily would preclude a finding of express and implied warranties, see section 672.316(3)(a), Florida Statutes (1987), is not operative in the case at bar because it was not part of the parties' bargain. See McNamara Pontiac, Inc. v. Sanchez, 388 So.2d 620 (Fla. 5th DCA 1980); Knipp v. Weinbaum, 351 So.2d 1081 (Fla. 3d DCA 1977). The seller in this case did not tell the purchaser that the car was being sold "as is," without warranties. On the contrary, when asked about the condition of the vehicle, the seller affirmatively represented that it was in good condition and would serve

2

the needs of the purchaser's daughter. The seller went further and said that the car had only one minor problem which could be remedied at minimal expense.

(2) A seller can't have it both ways. He cannot make representations to induce a sale and then take refuse in the exculpatory language of a printed form. By the same token, he cannot avoid liability by writing "as is" on a bill of sale when the prior negotiations have been permeated by affirmative representations of quality which exceed mere puffing. To hold otherwise would encourage fraudulent conduct. Accordingly, this court holds that the words "as is" which appeared on the windshield sticker and on the bill of sale are ineffective to preclude the existence of express and implied warranties. *See Bernstein v. Sherman,* 130 Misc.2d 741, 497 N.Y.S.2d 298 (J. Ct. 1986); *Rose v. Epley Motor Sales,* 215 S.E.2d 573 (N.C. 1975).

(3) Under the circumstances of this case, the sale of a used car without the radiator fan, an essential piece of equipment, amounted to a breach of an implied warranty of fitness for a particular purpose and a breach of the implied warranty of merchantability. *See McCormick Machinery, Inc. v. Johnson,* 523 So.2d 651 (Fla. 1st DCA 1988).

(4) Moreover, the sale of the Mercedes without its radiator fan, when represented to be an operable vehicle, constituted a sale of nonconforming goods. Pursuant to section 672.608, Florida Statutes (1987), the buyer is entitled to revoke his acceptance inasmuch as he gave notice of his intent within a reasonable time after discovering the defect.

(5) Although the plaintiff sued alternatively for the cost of repair or revocation of acceptance, the court concludes that the latter is the more appropriate remedy because, under the facts of this case, the cost of repair could far exceed the purchase purchase. Furthermore, since the plaintiff pled and proved a breach of implied warranties, he is entitled to costs and attorney's fees pursuant to 15 U.S.C. 2301 et seq. Accordingly, it is

ORDERED and ADJUDGED that the plaintiff HERMAN ROJAS is deemed to have revoked acceptance of the 1969 Mercedes, as nonconforming goods. Consequently, HERMAN ROJAS, shall take and recover judgment against the defendants JOHN VITALE and PETER VITALE, d/b/a CONCORD MOTORS, in the sum of $2,100, plus interest as 12% from August 20, 1986, for which let execution issue. And it is further,

ORDERED and ADJUDGED that the court reserves jurisdiction

3

for the purpose of assessing and awarding attorney's fees and costs in favor of the plaintiff.

DONE and SIGNED in Chambers at West Palm Beach, Florida, this 15th day of July, 1988.