OPINION
Appellants, Main Street Motors, Barbara Atkinson, and Roy Atkinson, appeal the judgment of the Trumbull County Court, Eastern District. Barbara Atkinson was the owner of Main Street Motors and Roy Atkinson was employed as a salesman. Appellant has not submitted a transcript of the proceedings or a statement in lieu of the record that complies with App.R. 9(C). Absent a transcript of the trial, we must presume the regularity of the proceedings and that the trial court correctly interpreted the facts. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,19, 520 N.E.2d 564; Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,400 N.E.2d 384; Bucary v. Rothrock (July 13, 1990), Lake App. No. 89-L-14-046, unreported. We are, therefore, bound by the trial court's findings of fact, filed on July 28, 1998. From the findings of fact, we deduce the following:
On January 18, 1997, appellee, Joseph P. Novak, purchased a used 1989 Chevrolet Blazer from appellants. A few days before purchasing the vehicle, appellee was given the opportunity to inspect it. The price of the vehicle was $8,900 and the terms of the contract specified that the vehicle was purchased "as is."
During negotiations for the sale, Roy Atkinson made the following statements to appellee: "the vehicle was just traded-in"; the vehicle had "one prior owner"; the vehicle was in "good condition"; "the vehicle was just checked over and serviced by Carpenters [a reputable local mechanic]"; he would "sell the vehicle to anyone in his own family"; and, he "drove the vehicle himself."
After taking possession of the vehicle, appellee discovered the following defects: the vehicle burned excessive oil; the four-wheel drive unit did not work properly; the gas tank had numerous holes in it; the vehicle had been owned by more than one previous owner; and, some other minor problems. He had the vehicle repaired by another dealership, with appellants' consent, but appellants refused to pay for the repairs when presented with a bill. Appellant sold the vehicle a short time later for $4,250.
Appellee filed a complaint against appellants on October 16, 1997. In his complaint, he alleged that, as an employee of Main Street Motors, Roy Atkinson had fraudulently induced him to buy the vehicle by making false statements. The court held a bench trial on the complaint on July 20, 1998. The court concluded that Roy Atkinson's statements went beyond "puffing" and "sales talk" and, therefore, created an express warranty. It ruled that, under R.C. 1302.29(A), the express warranty created by Roy Atkinson's representations took precedence over the "as is" clause. The court rejected appellants' contention that the parties had negotiated for the purchase as equals. It concluded thatBarksdale v. Van's Auto Sales, Inc. (1989), 62 Ohio App.3d 724,577 N.E.2d 426 was the proper controlling authority for the application of express oral warranties to these facts. The court granted judgment for appellee against appellants jointly and severally in the amount of $4,000, the difference in the value of the vehicle accepted and the value of the vehicle as warranted.
Appellants appeal from this judgment and raise the following assignment of error:
 "The trial court erred in its interpretation of the written contract between the appellee and appellants and applied the incorrect law thus erroneously ruling in favor of the appellee."
In their assignment of error, appellants assert that the court erred in concluding that: the "as is" clause of the contract was unenforceable; the parties had not negotiated the vehicle on an equal basis; and, that Barksdale was the proper controlling authority.
The Barksdale case, cited by the trial court and the parties, defined an express warranty, according to R.C. 1302.26(A)(1), as any affirmation of fact or promise relating to the goods that becomes part of the basis for the bargain between parties.Barksdale, further, provided that when a written contract for the sale of goods provides that the goods are sold "as is" and also disclaims all express and/or implied warranties and such provisions cannot be reasonably construed as consistent with the seller's oral express warranty, the express warranty will prevail and the inconsistent provisions deemed inoperative to the extent they are unreasonable. Id. at 729.
In their brief, appellants dispute many of the trial court's factual findings. However, these facts are not supported by the record, which does not include a transcript from the trial or a properly submitted statement in lieu of a transcript, pursuant to App.R. 9. We are, thus, limited in this review to determining whether the statements made by Roy Atkinson were sufficient to create an express warranty.
The inquiry regarding such statements is whether the statements were "puffing" or "sales talk," which would consist of opinions of the sales person, or whether they were affirmations of fact that became a basis of the bargain. Motor Credit Center,Inc. v. Jordan (Feb. 16, 1996), Trumbull App. No. 95-T-5232, unreported. R.C. 1302.26(B) provides that an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty. Robinson Memorial Hospital v. Hi Temp, Inc. (July 14, 1995), Portage App. No. 94-P-0096, unreported.
Statements such as a car "performed fine," was "good on gas," or was a "good choice" have been held to be mere sales talk and did not create an express warranty. Mims v. Flynn's Tire Co. (Nov. 1, 1991), Portage App. No. 90-P-2253, unreported. Statements representing that a car was "mechanically A-1," Mims, supra, citing Jones v. Kellner (1982), 5 Ohio App.3d 242, or that a car had been recently overhauled and was in good shape have been held to create an express warranty. Mims, supra, citing Bailey v.Bibber (July 19, 1985), Gallia App. No. 84 CA 17, unreported.
Without a transcript of the trial, we must presume that the trial court correctly interpreted that, when considering all of the circumstances surrounding the sale, the statements attributed to Roy Atkinson constituted more than mere puffing. We cannot hold, as a matter of law, that the trial court erred in its conclusion that these statements created an express warranty that superceded the "as is" clause in the sales contract. Appellants' assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
_________________________________
JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J. Ret., Seventh Appellate District, sitting by assignment, concur.